Nov. Term,
1861.

SMITH
v.
SMITH.

*John B. Howe* and *L. M. Ninde*, for the appellant.

*R. Brackenridge*, Jr., *J. E. McDonald* and *A. L. Roache*, for the appellee.

---

SMITH and Others *v.* SMITH, Administrator of ELLSWORTH.

Trial and judgment at a regular term of the Circuit Court, in *October*, 1860. By adjournment, that term of the Court was continued until *November*, in the same year. At the adjourned term, an appeal was prayed, granted and perfected, by giving bond, &c. Motion by the appellee, in the Supreme Court, to dismiss the appeal, or for an order that the appeal should not operate to stay proceedings upon execution.

.*Held*, that under the statute providing for adjourned terms, (Acts 1858, p. 37,) the adjourned term must be deemed a part of the regular term, and every step may be taken at such adjourned term, that might have been taken at the regular term.

*Held*, also, that where the Court is continued from the regular term to an adjourned term, the proceedings may be said to be *in fieri*, until the close of the adjourned term, and the records are, consequently, completely under the control of the Court.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—Motion, by the appellee, to dismiss the appeal, or for an order that the appeal shall not operate to stay proceedings upon execution.

The cause was tried, and the judgment rendered, at the *October* term of the Court below, in the year 1860. That term of the Court was continued, by adjournment, until *November*, in the same year. At the adjourned term the appeal was prayed, and granted, and an appeal bond filed and approved by the Court.

Tuesday,
November 26.

Nov. Term,
1861.

Smith
v.
Smith.

The appellee insists, that the Court below had not juris-
diction to grant the appeal, and approve the bond, at the
adjourned term, the judgment having been rendered at the
regular term, and no appeal having then been prayed.

The statute provides, " That if, at the close of any Circuit
Court of any county, or where it shall become necessary, or
proper, for said Court to adjourn from any cause, and the
business pending therein shall be unfinished, it shall be
lawful for such Court to adjourn until some other certain
time, to be specified in such adjourning order, of which
public notice shall be given in some manner to be specified
by such Court; and at such time, such Court shall meet, and
continue in session so long as the business shall require;
and such adjourned term shall be deemed a part of the
regular term of such Court," &c.   Acts 1858, p. 37.

The position assumed is, that the adjourned term is no
part of the regular term, except for the purpose of disposing
of unfinished business.

The argument implies, that whenever a judgment is passed
in a cause, and the Court is continued to an adjourned term,
it is out of the power of the Court to modify, set aside,
or grant an appeal from, such judgment, at such adjourned
term.

We do not, however, so interpret the statute.   We think
it is only where the business pending before the Court, is
unfinished, that the Court is authorized to hold an adjourned
term.   Where the business is finished, there can be no
necessity for such adjourned term.   Where the Court does
hold such adjourned term, it is to be deemed a part of
the regular term; and every step may be taken at such
adjourned term, that might have been taken at the regular
term.   Where the Court is continued from the regular to an
adjourned term, the proceedings may be said to be *in fieri*,
until the close of the adjourned term, and the records
completely under the control of the Court.

*Per Curiam.*—We are of opinion that the appeal was
properly taken, and that the motion must be overruled.

*D. Mace*, for the appellants.

*H. W. Chase* and *J. A. Wilstach*, for the appellee.