Coen and Another *v.* Funk.

----•----

Coen and Another *v.* Funk.

JUDGMENT.—REVIEW.—A complaint for the review of a judgment is in the nature of a writ of error, and a second complaint to review the same judgment, where the first one, on final hearing, has resulted in a judgment of affirmance, will not be allowed.

APPEAL from the *Warren* Circuit Court.

ELLIOTT, J.—In this case, the appellants, *Isaac M. Coen* and *William S. Coen,* at the *September* term, 1863, of the

Court of Common Pleas of *Fountain* county, filed in said court a complaint against the appellee, *Hiram Funk,* guardian of *Hester Ann Funk,* to review a judgment rendered in said court in favor of the appellee, against the appellants, at the *January* term thereof 1861, as sureties of *Thomas M. Coen* and *Rufus Birch,* on two promissory notes; and also for a review or new trial in the case of a former complaint for a review of the same judgment, filed in said court by the appellants against the appellee, in which, on a final hearing, judgment was rendered against the appellants, at the *January* term, 1863, of said court.

The grounds stated for a review of the original judgment are, that *Thomas Coen* and *Rufus Birch,* the principals in the notes, had entered into two written contracts with *Joseph Poole,* the payee of the notes, for the delivery to him at *Attica* of a quantity of .corn, and upon which he had advanced to them certain sums of money; that said *Coen* and *Birch* had not delivered all the corn required by said contracts, and for their failure to do so, *Poole* claimed damages, and the notes upon which said judgment was rendered were given on a settlement of said corn contracts, and of the damages claimed thereon by said *Poole;* that at the time the notes were executed by the appellants, as sureties, *Poole* fraudulently represented to them that they were filled up with the true amounts due him from said *Thomas Coen* and *Birch,* when in truth the amounts were too large; that the value of the corn, at the dates of the breaches of the contracts, was estimated at 55 cents per bushel, when it should have been only 32 and 50 cents per bushel; and that interest was estimated on the amount from a date anterior to the breach of said contracts.

The complaint alleges that the issues formed in the original suit on the notes, and on the former complaint for a review, were in substance the same; that is, that the notes were fraudulently ante-dated, from *June,* 1858, to *March* 15th, 1857, and drew interest from date; that the affirmance

of the original judgment, on the former complaint for review, was procured by the false and fraudulent evidence given on the trial in that case by said *Poole.* The complaint further alleges that an execution issued on said judgment had been placed in the hands of the sheriff of said county, who threatened to levy the same on the property of *Isaac M. Coen,* one of the appellants, and that under duress of said execution he had paid to the sheriff thereon the sum of two hundred dollars. It is also alleged that said corn contracts were never in the possession of the appellants, and at the time of the original suit, and of the trial on the former complaint for review, they were lost, and could not be found, though diligent search and inquiry were made for them; that they had been found since the last named trial, and by them the errors in said notes, and the falsity of the statements of *Poole* at the date of the execution of the notes, and on the trial of the issue on the former complaint for review, could be established.

The cause was removed by change of venue a second time to the *Warren* Court of Common Pleas, and thence to the *Warren* Circuit Court

The complaint is divided into three paragraphs by numbers. The part relating more particularly to the original judgment is called the first paragraph; while so much of it as states the causes for a review of the judgment rendered on the former complaint for a review, or for a new trial in that case, is called the second paragraph, and that part relating to the alleged payment of $200 by one of the appellants, under duress of execution, is numbered as the third paragraph.

Separate demurrers were filed to each of the paragraphs, as thus numbered, which the court sustained to the second, and overruled to the first and third. The cast of the complaint indicates that it was designed (as it is in fact) as a single paragraph. The whole relates to a single subject, the original judgment rendered on the notes, of which a re-

view is sought. The complaint admits that the appellants had filed a former complaint for a review of the same judgment, on the final hearing of which, judgment was rendered against them, and in affirmance of the original judgment; and also admits the subsequent payment by one of the appellants of two hundred dollars on the judgment, but alleges the payment was made under duress of execution, and attempts to avoid the effect of the judgment on the first review by allegations of fraud.

Issues were formed on the first and third paragraphs, and on the trial a final judgment was rendered against the appellants.

The record not only presents a lamentable state of confusion, but is in many other respects a most extraordinary one. But a small portion of its space is given to the evidence in the case, yet it contains nearly four hundred pages of manuscript. After the first change of venue, the case in its frequent changes to and fro, from court to court and from county to county, seems to have become a wanderer, and at each change became involved in new intricacies, until it is claimed by the counsel for the appellee that it ceased to exist, though, phoenix like, a successor instantly sprang from its ashes, and yet of so recent date, that it too must yield to the iron rule of the statute of limitations. One fact however is patent in almost every page of the record: that the contest between counsel in the case, not only exhibited a proper zeal in the interest of their respective clients, but evolved unusual, if not new, points in professional skill.

The appellants' counsel has presented us with a brief of one hundred and fourteen printed pages, exhibiting patience, labor and research, in which a multiplicity of questions are discussed. But we find ourselves relieved from the necessity of entering upon so broad a field of labor, by the fact that we are met with a question at the very threshold which, in our opinion, must dispose of the case.

A complaint for review of a judgment is in the nature of a writ of error, and a second complaint to review the same judgment, where the first one, on final hearing, has resulted in a judgment of affirmance, will not be allowed. There should be an end to litigation somewhere, a rule the necessity of which is illustrated by the case at bar, and it could scarcely be so, if new suits may be brought to review the same judgment as often as a party may desire, or may suppose that a new cause therefor has been discovered. In Story's Eq. Pl., § 418, p. 462, it is said that where a decree has been reversed on the first bill of review, another bill of review may be brought on the decree of reversal, but if a demurrer has been allowed to a bill of review, a second bill of review upon the same ground will not be allowed. The same rule is stated in Mitford's Chancery Pleading 88. The authorities on the question are not numerous, for the reason, doubtless, that it has but seldom arisen in the courts. But in *Strader* v. *The Heirs of Byrd et al.*, 7 Ohio R., p. 184, the question was very fully examined, and it was held by the court that "where the original decree has been affirmed on bill of review, a subsequent bill of review cannot be allowed." Hitchcock, J., who delivered the opinion of the court, after reviewing the authorities, stated the rule deduced therefrom as follows: "When a demurrer to a bill of review has been sustained or allowed, in other words, where according to our practice the bill has been dismissed, and the original decree thereby affirmed, no subsequent bill of review will lie; but where the original decree has been reversed, this decree of reversal may be reviewed. This rule of practice is based upon sound reason. Where there have been two concurrent decrees, as in the case of the demurrer allowed, it is time that the litigation should be ended, but where the original decree has been reversed, there the matter of equity may still be considered as doubtful." This decision is referred to in a note in Mitford's Ch. Pl. 88, with approbation. The rule announced in the case, we think, is the correct one, and is decisive of the case at bar, and as the

judgment below was for the defendant on the final hearing, as it should have been upon the demurrer to the complaint, for the reason above stated, the appellants have no cause to complain, and the judgment must be affirmed.

The judgment is affirmed, with costs.

GREGORY, C. J., was absent.

*J. Buchanan,* for appellants.

*M. M. Milford* and *S. A. Huff,* for appellee.