The Louisville, New Albany and Chicago Railway Company v. Power.

No. 13,201.

## The Louisville, New Albany and Chicago Railway Company v. Power.

CIRCUIT COURT.—*Adjourned Term.—Irregularity.—Waiver of Objection.*—A party who is in court by counsel when an order for holding an adjourned term is made, and has knowledge of the time determined upon, of the appointment of a special judge to hold said term, and of the setting of his case for trial at said term, but fails to make objection, waives the right to afterwards object that such adjourned term was illegal, as falling within the time for holding court in another county in the same circuit.

DEED.—*Delivery.—Non Est Factum.*—Where, in an action founded upon a deed, there is no plea of *non est factum*, the execution of the deed, including its delivery, is admitted.

SAME.—*Mistake in Grantee's Name.—Estoppel.*—Where a deed conveying a right of way is delivered to and accepted by a railroad company, which thereafter asserts title to the land thereby conveyed, it can not repudiate the covenants of the deed on the ground that the grantee was not properly named.

SAME.—*Parol Evidence.*—It is competent to prove by parol the facts connected with the preparation of a deed; and, where there is a mistake of fact, it is proper to prove the contract between the parties.

RAILROAD.—*Agreement to Build Fences.—Measure of Damages.*—For the breach of a contract by a railroad company with a land-owner to fence its right of way, the cost of erecting the fence, and also special damages for animals killed, for damage done by trespassing animals, and for the loss of pasturage, may be recovered.

From the Hamilton Circuit Court.

*G. W. Easley, S. O. Bayless* and *W. H. Russell,* for appellant.

*D. W. Patty, R. R. Stephenson* and *W. R. Fertig,* for appellee.

ELLIOTT, C. J.—The counties of Hamilton and Madison constituted the twenty-fourth judicial circuit at the time this action was tried. On the 29th day of the regular November term, 1885, an order was made reciting that the judge of the

court had been an attorney in many cases, and directing that an adjourned term of the court be held, commencing on the first Monday in January, 1886.   Notice was given according to law.   At the time the order was made the defendant's counsel were in court, and, as the bill of exceptions recites, " knew of the time and manner determined upon for holding the adjourned term, and of the appointment of Judge Goody-koontz to hold the same, and knew that this cause had been set down for trial at the adjourned term, and made no objection, but tacitly consented thereto ; and that counsel for defendant did not, nor did any other person, give any notice or intimation that the defendant would object to the trial being had at the adjourned term before Judge Goodykoontz until the cause had been called for trial and both parties were present with their witnesses ; and, further, the defendant's counsel were present at the adjourned term at a day previous to the trial, and at the time when the day for the trial was fixed by Judge Goodykoontz and the case placed on the calendar for trial, and offered no objections of any kind whatsoever." The only objections interposed are set forth by the reporter in his report of the evidence.

It is here insisted that as the time appointed for the adjourned term fell within the time for holding court in the county of Madison, the adjourned term could not be legally held in the county of Hamilton.   The appellee insists that the question is not presented, because the objections appear only in the reporter's long-hand manuscript, and that the statute does not authorize the reporter to note such objections.   We are referred to sections 1405 and 1407, R. S. 1881, which seem to support the appellee's contention, but we do not deem it necessary to decide this point.   Nor do we deem it necessary to decide whether, if there had been opposition, instead of acquiescence, the appellant could have successfully maintained the proposition that the adjourned term of the Hamilton Circuit Court was illegally held, for we are satisfied that by acquiescence the appellant waived the

right to object. There was color of authority, at least, for holding the adjourned term ; the court assumed to act under the law, and as the appellant acquiesced, it is not now in a situation to successfully assail the proceedings. If there had been no color of authority for holding the adjourned term it might be different, but there is a law authorizing courts to hold adjourned terms, and to fix the time for holding them; and under this law the court acted, with the acquiescence of the defendant, so that the adjourned term was not held wholly without warrant of law, and, even if it be conceded that the term was irregularly held, the proceedings were not absolutely void. *Smurr* v. *State*, 105 Ind. 125, and authorities cited. There are provisions in the statute which declare that adjourned terms may be held, and that an adjourned term, " presided over by a judge appointed for that purpose, may be extended so as to include the time set apart for the court in any other county of that circuit." If, therefore, there was an error, there was not an entire absence of power, since the utmost that can be said, if, indeed, so much can be said, is, that the court erred in deciding a question of law which it had authority to decide, and such an error may be waived. The doctrine of waiver applies to many cases, even to those where life and liberty are involved, and it applies here. *Street* v. *Chapman*, 29 Ind. 142 ; *Croy* v. *State*, 32 Ind. 384; *Murphy* v. *State*, 97 Ind. 579 ; *Schlungger* v. *State*, 113 Ind. 295 ; *Ard* v. *State*, 114 Ind. 542 ; *Mannix* v. *State, ex rel.*, 115 Ind. 245. The general rule is that a party who fails to object at the earliest seasonable opportunity is deemed to waive the objection. This rule is one of wide application.

There was no plea of *non est factum*, and the execution of the deed, on which the action is founded, was admitted. The delivery was essential to its validity, and was a part of its execution.

The deed purported to be executed to the Chicago and Indianapolis Air Line Railway Company, and this was not the

name of the real grantee, but we think that the evidence satisfactorily explains the mistake.   If, however, this were not so, the appellant could not assert title under the deed and repudiate its covenants.   Holding the land under the deed, as it did, it was bound to perform its contract.   To permit it to retain the land and repudiate the deed would be against equity and good conscience.   *Bloomfield R. R. Co.* v. *Grace*, 112 Ind. 128; *Bloomfield R. R. Co.* v. *Van Slike*, 107 Ind. 480; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464.   In this instance the deed conveying the right of way, with other deeds, was delivered directly to the appellant, and its only claim of right to the land rests on that deed, and it is, therefore, in no situation, after having accepted the deed and received the land under it, to impeach its validity on the ground that the grantee was not properly named.

It was competent to prove the facts connected with the preparation of the deed by parol, and in permitting this to be done the court did not violate the familiar rule forbidding the contradiction or change of a written instrument by parol evidence.   It was, indeed, proper, as it always is, to prove the contract between the parties, where, as here, there was a mistake of fact.   To deny this would be to affirm that a mistake can not be corrected, since, without evidence of the facts, it can never be made to appear that there was a mistake.

The facts, so far as concerns the amount of the recovery, are substantially the same as those of the case of *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55, and the decision in that case rules here.   The rule there declared for the admeasurement of damages is the correct one, and has been approved.   *Indiana, etc., R. W. Co.* v. *Adams*, 112 Ind. 302; *Chicago, etc., R. W. Co.* v. *Barnes*, 116 Ind. 126.   That rule is this: " For the breach of a contract by a railroad company with a land-owner to fence its right of way, the cost of erecting the fence and also special damages for animals killed, for