Big Creek Stone Co. *et al. v.* Seward *et al.*

Filed March 5, 1896.

---

No. 17,302.

Big Creek Stone Co. et al. *v.* Seward et al.

Receiver.—*Action.*—There is no right of action in creditors of a corporation under receivership to enforce claims due such corporation.

Appellate Procedure.—*Complaint and Supplemental Complaint.* —The complaint and supplemental complaint will be regarded, on appeal, as together constituting the complaint.

Same.— *Error Apparent in Record.— Reversal of Judgment.*—A judgment will be reversed for an error appearing in the record, although such error is not argued by appellant's counsel.

From the Monroe Circuit Court.

*J. H. Louden, W. H. Martin, R. A. Fulk, E. Corr* and *T. J. Louden*, for appellants.

*Henley & Wilson* and *Duncan & Batman*, for appellees.

HACKNEY, C. J.—The appellees, as judgment creditors of the Big Creek Stone Company, sued said com-

pany and certain named subscribers to the capital stock. The complaint alleged that the stock subscribers had paid but a small proportion of their subscriptions; that assessments and calls had been made and remained unpaid; that the corporation held no property subject to execution, but was wholly insolvent and in the hands of a receiver; that there were subscribers who had unpaid assessments and calls, the amounts owing from whom the plaintiffs had no knowledge. Discovery as to additional subscribers, the amounts subscribed and the amounts unpaid upon subscriptions, assessments and calls, was prayed and a decree was sought requiring the stock subscribers to pay into court sums sufficient to discharge the indebtedness of the corporation. The circuit court overruled a demurrer to the complaint, and that ruling is assigned as error. The liability of the several stockholders, if any, was upon obligations to the corporation, since there is neither common law nor statutory liability to creditors in the first instance.

It was, therefore, incumbent upon the appellees to allege facts, not only to disclose a liability of the stockholders or stock subscribers to the corporation, but a liability enforceable by the creditor directly.

It is exceedingly doubtful if facts were alleged sufficient to have disclosed a liability to the corporation, since the character and extent of subscriptions by the shareholders named were not alleged and no excuse given for the failure. And, as to the assessments and calls, no facts are stated from which it can be judged whether they were made by an officer, board or other authority possessing power to make them, or whether they were made pursuant to statutory power or corporate rule or by-law. If the complaint were on behalf of the corporation, its allegations would be exceedingly meager and unsatisfactory, if not wholly

bad.  However, a more serious objection to the pleading is that when it discloses a receiver for the corporation, an officer representing the creditors, the fact is manifest that no cause of action exists against the shareholders in the name of creditors.  As we have seen the obligation is owing to the corporation, it is as assets of the corporation to be gathered in by the receiver, and, when added to other available assets, applied, not upon the debt of some creditor or creditors whom he may prefer, but *pro rata* among all of the creditors, unless there is some legal or equitable preference by reason of existing liens.  It is not the policy of the law that creditors, singly or collectively, may ignore the receiver's possession of corporate assets and his right and duty to protect and preserve them for disposition as the court appointing may direct.  If such were the policy, the property might easily be dissipated, some creditors gain advantage over others, the objects for which the receiver is appointed would be frustrated and the authority of the court defeated.  In a suit by creditors to set aside, as fraudulent, the incumbrances of corporate property and to subject the property to the claims of such creditors, it was held by this court, in *Nat'l State Bank, etc.,* v. *Vigo Co. Nat'l Bank, etc.,* 141 Ind. 352, that the right was vested in the receiver of the corporation and that the complaint of the creditors, for that reason, was bad.  In *Voorhees* v. *Carpenter,* 127 Ind. 300; and *Hutchinson* v. *First Nat'l Bank, etc.,* 133 Ind. 271, this court held that the assignee of an insolvent corporation and not the creditor was the proper party to maintain actions, the object of which is to reach assets for the payment of the debts of the corporation.

In *Wheeler* v. *Thayer,* 121 Ind. 64, a creditor sought to enforce against subscribers to and holders of cor-

porate stock, to the extent of his credit, a claim for the unpaid balance owing upon such corporate stock. It was there said: "It is quite clear that the appellant has no right of action against the appellees. If they owe the corporation anything on account of stock subscriptions, a receiver should be appointed to settle up the affairs of the corporation, who may enforce collections and by due course of law settle up its affairs. It is true the appellant avers that he is the only creditor, and this may be, so far as he knows, but other creditors may turn up, and if so they ought to have an opportunity to file their claims, as they would have a right to do if a receiver is appointed." We need not go to the extreme limits of that holding, since it affirmatively appears in the present case that a receiver has been appointed and is acting. Nor do we go to the extent of holding that where a receiver fails and refuses to press such a claim against stockholders, he alone, or in connection with stockholders, may not, with the consent of the appointing court, be sued by a creditor or creditors for the benefit of the creditors' claim. In the present case there was no allegation of the receiver's refusal, and he was not made a party. The complaint was not sufficient, and the judgment of the lower court is reversed, with instructions to sustain the demurrer of the appellee to the complaint.

Filed December 18, 1895.

## ON PETITION FOR REHEARING.

HACKNEY, C. J.—Originally we considered the complaint and supplemental complaint as one pleading, while the facts stated by us appeared from both. On the theory that they did not constitute one pleading, counsel ask a rehearing and question the

statement of facts upon which our opinion rested. The complaint and the supplemental complaint are to be considered together as constituting the statement of the plaintiff's cause of action as if all of the facts stated in both were embodied in a single pleading. Together they constitute the complaint. *Pouder* v. *Tate,* 132 Ind. 327; *Wayne Pike Co.* v. *Hammons,* 129 Ind. 368; *Peters* v. *Banta,* 120 Ind. 416; *Simmons* v. *Lindley* 108 Ind. 297; *Lewis* v. *Rowland,* 131 Ind. 37.

Complaint is made by counsel that the sufficiency of the pleading was determined upon a question not argued by counsel for appellant, and which question was, therefore, waived.

The correctness of the rule upon which our decision was based is not questioned by counsel, and, in our opinion, is beyond dispute. It may be inquired, therefore, should the court be controlled by a rule which would estop counsel and parties to the extent that it should hold sufficient a state of facts which plainly disclosed that no cause of action existed? Most certainly not. While we are not obliged to search for errors not made manifest by the record as the appellant brings it to us, we are not so restricted by that rule that we are required to hold a pleading sufficient when it is clearly insufficient, and when to do so would create a precedent well calculated to mislead the profession and lend confusion to well settled principles of pleading and practice. When an error is presented by the record, the case is decided upon the record and not upon the argument of counsel, but, when a question is not argued and does not occur to the court in its investigations of the record, a rehearing will not be granted to permit a discussion of such question. *Martin* v. *Martin,* 74 Ind. 207. In this case the sufficiency of the complaint was duly presented, and it was pal-

VOL. 144—14

pably bad.   To have held it otherwise would have been a perversion of justice.   If the court were limited to the arguments and reasoning of counsel in its decisions of cases, to the exclusion of its own observations, many cases would lead us far from what we understand to be the true object of the court.

The petition is overruled.

Filed March 5, 1896.