FINDLING ET AL. *v.* LEWIS ET AL.

[No. 18,141. Filed October 7, 1897.]

JUDGMENT.—*Review.—Complaint.*—A complaint to review a judgment should point out the error complained of, and set out the record to be reviewed, either by embodying same in the complaint, or by exhibit properly referred to and identified so as to become substantially a part of the complaint.

From the Tipton Circuit Court. *Affirmed.*

*Joshua Jones,* for appellants.

*R. B. Beauchamp, Gifford & Nash* and *Gifford & Coleman,* for appellees.

HOWARD, J.—The record in this case, as was said in ·Coen v. *Funk,* 26 Ind. 289, "not only presents a lamentable state of confusion, but is in many other respects a most extraordinary one." The action seems to have been an attempt to have a judgment reviewed. The court sustained a demurrer to the complaint for review. This ruling was apparently correct, whatever may have been the merits, if any, of the original action, or actions.

The complaint in review alleges that on December 17, 1894, the appellants filed their complaint to set aside a judgment rendered against them on March 5,

1892, and to vacate a sheriff's sale thereunder; also that the appellees appeared and demurred to said complaint, which demurrer was sustained, and judgment rendered thereon by the court. Nothing further appears. It is very doubtful whether this is sufficient. The record to be reviewed is not set out in the complaint, nor is it even referred to therein as an exhibit. It is true that a recital appears in the transcript stating that a copy of the record to be reviewed is set out as an exhibit, which exhibit itself also appears in the transcript. This, however, we do not think sufficient. The complaint for review should itself set forth a complete record of the case, or at least so much thereof as is necessary to fully present the error complained of. This record should be embodied in the complaint, or should, at least, be so referred to and identified as an exhibit as to become substantially a part of the complaint. *McDade* v. *McDade*, 29 Ind. 340; *Comer* v. *Himes*, 58 Ind. 573. The complaint in this case, besides, does not indicate what error of law, if any, was committed in rendering the judgment to be reviewed. The complaint itself should point out the error complained of.

Three successive judgments were rendered against appellants, the original judgment of foreclosure, the judgment refusing to set aside the judgment of foreclosure, and the judgment denying a review of the latter. In the condition of the record, we are unable to say that any of the judgments so rendered was erroneous.

Judgment affirmed.