## THE TRAVELERS' INSURANCE COMPANY v. PRAIRIE SCHOOL TOWNSHIP ET AL.

[No. 17,896. Filed Jan. 14, 1898. Rehearing denied June 28, 1898.]

JUDGMENTS.—*Review.*—*Complaint.*—A complaint in an action to review a judgment must allege enough of the substance or character of the court's action or ruling to present the error complained of without reference to the exhibit filed therewith. *p. 38.*

APPEAL AND ERROR.—*Questions Not Discussed by Counsel.*—The Supreme Court may uphold the judgment of the trial court in sustaining a demurrer to a complaint, although the particular deficiency in the complaint on which the decision of the Supreme Court is based was not pointed out by appellee's counsel. *pp. 41, 42.*

From the Pulaski Circuit Court. *Affirmed.*

*M. Winfield, McConnell & Jenkines, F. Winter, J. B. Elam* and *W. H. H. Miller,* for appellant.

*Sellers & Uhl* and *A. W. Reynolds,* for appellees.

HACKNEY, J.—The lower court sustained the demurrer of the appellees to the complaint of the appellant seeking the review of a judgment theretofore rendered against the appellant as plaintiff, and in favor of the appellees as defendants. That ruling presents the only question for decision.

The complaint, omitting merely formal parts, was as follows, after alleging the filing of the complaint in the original cause: "Wherein and whereby the plaintiff then and there sought to recover of the defendant Prairie school township in White county, Indiana, upon a contract and its assignment, duly described and set forth in said complaint, the alleged

balance of purchase-money due the plaintiff, the Travelers' Insurance Company, from said Prairie school township; that said defendant appeared to said action as did all the other defendants, and such proceedings were had in said cause that the venue thereof was duly changed to the circuit court of Cass county, Indiana, and thence was changed to the circuit court of said Pulaski county; that upon, to wit, the 30th day of September, 1895, the defendants recovered judgment therein against the plaintiff for costs in that behalf paid, laid out and expended, and taxed at $1—; that a full, true and complete copy of the pleadings, proceedings, entries, findings, conclusions of law, and judgment in said cause is filed herewith, which said copy is annexed hereto, marked 'Exhibit A,' and made a part hereof. Plaintiff alleges the following errors of law appearing in said proceedings and judgment, to wit: (3) The court erred in its conclusions of law, as stated from and upon its special findings of facts; (2) the court erred in rendering judgment against the plaintiff, and in favor of the defendants upon its special finding of facts and its conclusions of law thereon; (2) the court erred in overruling the plaintiff's motion that the court restate its conclusions of law upon its special findings of facts, and that it render judgment thereon in favor of the plaintiff for $8,000, together with ten per cent. interest per annum thereon, since and from the 8th day of October 1874, less the amount paid thereon, as found in the special findings, collectible without relief from valuation or appraisemnt laws; (4) the court erred in its conclusions of law on the findings; (5) the court erred in its computation and finding of the amount due on the contract sued on. Wherefore, the plaintiff prays that the said judgment be reviewed, and that the court restate its conclusions of law on the findings

in favor of the plaintiff, and that plaintiff have all other proper relief." A transcript of the proceedings in the original cause was made an exhibit with the complaint.

It will be observed that from the allegations of the complaint no question of law arising in the original cause is stated, and no information as to the errors complained of is given, even in general form. Without reference to the transcript, as to each question of law narrowly suggested by the complaint, it is not possible to ascertain what propositions of law were involved, how they were decided, or what objections were urged to the court's action or rulings. Reading the complaint without the exhibit, it would be impossible to determine whether the original hearing contained an error. The repeated allegations that "the court erred" are only conclusions which lend no aid to the requirement that the complaint should disclose an error in some ruling of the court.

Enough of the substance or character of the court's action or ruling to present the error complained of, without reference to the exhibit, must be alleged. *Jamison* v. *Lake Erie, etc., R. R. Co.*, 149 Ind. 521; *Findling* v. *Lewis*, 148 Ind. 429. Under this rule the complaint before us was bad, and the court did not err in its ruling thereon. The judgment is affirmed.

## ON PETITION FOR REHEARING.

HACKNEY, C. J.—Counsel for the appellant support their petition for a rehearing by an able and earnest brief, urging that the decision herein is a departure from a well-recognized rule of long standing. We have carefully read their briefs, and all of the cases cited by them, and while assenting to many of the propositions contended for, we do not agree that a single decision cited, nor one discovered by our re-

searches, is at variance with our holding. We do not find it necessary to affirm or deny the propositions that the transcript of the proceedings sought to be reviewed may properly be filed as an exhibit with the complaint, nor that more of the proceedings than will disclose the error complained of need be filed, nor that the effect of the proceedings to review is the same as an appeal, nor that errors subject to review are such as might be considered upon appeal. These are the propositions passed upon in the cases cited by counsel. Nor do we agree that the questions in the decisions cited bear any analogy to the questions passed upon in the original opinion. We do not accept the conclusion that any statement constituting a sufficient assignment of error, if indorsed upon the transcript on appeal, is sufficient as a complaint for review. No decision which has come to our attention so decides. As to assignments of error the statute, section 655, Horner's R. S. 1897, provides that "No pleadings shall be required in the Supreme Court upon appeal, but a specific assignment of all errors relied upon  *  *  *  shall be assigned," etc. As to the proceedings for review, the statute, sections 615, 616, 617, Horner's R. S. 1897, provide that it shall be by complaint. A complaint is defined by the code to be "a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 338, Horner's R. S. 1897. To say that the provision as to assigning error on appeal satisfies the statute as to proceedings in review would be nothing less than judicial legislation, and no decision, as we have said, goes to any such limits. Indeed, there seems to be no requirement for construction, as the provisions are perfectly plain, and the leg-

islature has made the distinction by it deemed wise. Conceding that the record may be filed as an exhibit, there is no reason for holding that it may supply the allegations necessary to constitute the complaint. In no instance where the instrument indisputably constitutes the basis of the action is it held to dispense with allegations in the complaint. . Respect for the provisions of the statute requiring a complaint, in proceedings for review, renders it impossible to accept the conclusion that allegations disclosing the errors complained of may be made by a general reference to a voluminous transcript, accompanying the pleading as an exhibit. It is suggested that it was an error in this case, and in the case of *Jamison* v. *Lake Erie, etc.*, *R. R. Co.*, 149 Ind. 521, to apply the rule that in a complaint for a review for newly-discovered evidence, the exhibited record will not supply allegations as to the character of the action and the materiality of the evidence, as held in *Anderson* v. *Hathaway*, 130 Ind. 528; *Davis* v. *Davis*, 145 Ind. 4, and other cases. Just why a general reference to the exhibit for errors of law should be sufficient in the one case, and in the other specific allegations as to the character of the action and the pertinency and materiality of the evidence must be made, we do not observe. Would it not answer the rule of the one case, when applied to the other, to allege generally the discovery, the diligence, and exhibit the new evidence, and the transcript of the original proceedings and evidence?

If less than a complaint, within the statutory definition, is permitted in the one case it should be in the other. The court in considering either can have the same source of information in one as in the other, —the transcript. Nor need there be any misunderstanding that under the case of *Jamison* v. *Lake Erie R. R. Co.*, *supra*, and this case, it is necessary to set out

the proceedings of the original suit or action in full in the body of the complaint, or that any part of the record must be incorporated in the complaint.

We hold that it is necessary to allege the condition of the record so as to advise the court of the existence of the error or errors relied upon. The pleading is not a sufficient complaint if, when its allegations are presented to the court, the court cannot say, "If supported by the record, this was error." The rule upon which this case was decided was adhered to in *Findling* v. *Lewis*, 148 Ind. 429, and *Jamison* v. *Lake Erie, etc., R. R. Co., supra.*

Complaint is made also, that we decided the case upon a question not discussed by counsel. The sufficiency of the complaint was discussed, and we deemed it our duty, seeing the deficiency in it, to uphold the judgment of the trial court, although attention to that particular deficiency may not have been called by counsel. We may not ignore what we do see that will prevent a reversal of the judgment. *Big Creek Stone Co.* v. *Seward*, 144 Ind. 205; *Martin* v. *Martin*, 74 Ind. 207; *Jones* v. *Castor*, 96 Ind. 307. As said in *Martin*, v. *Martin*, *supra*: "We never go beyond the brief of the appellant to search the record in quest of errors which have not been pointed out in the brief; but the appellee, without filing any brief at all, is entitled to the benefit of everything in the record which may prevent a reversal of the judgment upon the errors assigned; and, because the counsel on both sides may discuss some questions with very great learning and ability, as was done in this case, we are not, therefore, permitted to shut our eyes against the fact, which we cannot otherwise help seeing, that the question is not in the record. The silence of the appellee on any point is not equal to an agreement to waive the point; the burden is on the appellant to show the error which he

has assigned. Powell Appel. Proceed. 125-8. If there are points in the record which counsel do not suggest, and we do not perceive them, there are numerous decisions that we will not consider such points on a petition for a rehearing, but there is no rule which permits us to ignore what we do see. We read the briefs of counsel, but, as the appeal is tried by the record, we examine that too." The petition is overruled.