The State, ex rel. Miller, *v.* Wills, Adminis-
TRATOR.

[No. 3,294. Filed March 5, 1901.]

Judgments.—*Review.—Complaint.—*A complaint in an action to review a judgment must contain in the body thereof enough of the pleadings in the cause sought to be reviewed to present the question of the alleged error without resorting to the transcript of the record filed with the complaint as an exhibit, and specifically set forth the ruling of the court relied upon as error, the facts upon which the ruling is based, and show that the plaintiff at the time of such ruling excepted thereto.

From the Boone Circuit Court. *Reversed.*

*P. H. Dutch, T. J. Kane, R. K. Kane* and *T. E. Kane,* for appellant.

*T. J. Terhune,* for appellee.

Henley, C. J.—This was an action to review a judgment of the Boone Circuit Court for error of law apparent on the face of the record. The appellant in this action had recovered a judgment in the Boone Circuit Court against the

appellee David M. Henry and Patrick J. Ryan, administrator *de bonis non* of the estate of Christian S. Wesner, deceased, for breach of the bond of said Ryan as such administrator. · The complaint upon which the judgment was recovered that is here sought to be reviewed is in two paragraphs. In the first paragraph the recovery was sought for an alleged breach of the administrator's bond; in the second paragraph the recovery was sought independent of the bond. A trial was had by the court, and a special finding of facts was made and conclusions of law stated thereon, and the judgment rendered, which is here sought to be reviewed.

The complaint to review in the case at bar is in substance as follows: That on the 22nd day of September, 1896, the State *ex rel.* George E. Miller filed its complaint in two paragraphs in the Boone Circuit Court of Indiana against David M. Henry and Patrick J. Ryan, administrator *de bonis non* of the estate of Christian S. Wesner, deceased, and against Patrick J. Ryan in his individual capacity, on a certain bond alleged to have been executed on the 25th day of June, 1895, by the said Ryan as principal, and the said Henry as surety, to the State of Indiana, in the penal sum of $500, conditioned that the said Ryan would faithfully discharge his duties according to law as administrator *de bonis non* of the estate of said Wesner, deceased; that on said date summons was issued upon said complaint for said Henry and said Ryan, who appeared to said action on the 12th day of October, 1896, which summons was duly served and returned by the sheriff on the 23d day of September, 1896; that on the 28th day of November, 1896, the defendants in said action aforesaid filed their separate demurrers to each paragraph of said complaint, and the appellee David M. Henry filed his separate demurrer to each paragraph of said complaint, which demurrers were on said day overruled and excepted to. The complaint then continues: "That afterwards, on said date,

the defendants in said action filed their answer in denial
to each paragraph of the complaint; that on the 28th day of
June, 1897, without any record of the submission of said
cause for trial, without trial of said cause appearing of
record, the court filed in said cause its special finding of
facts and conclusions of law thereon, which conclusions of
law this plaintiff excepted to at the time; that on said date
the court entered judgment on said special finding of facts
and conclusions of law in favor of the plaintiff in said action
and against the said Patrick J. Ryan for the sum of $672,
and costs of suit, and the sum of $500 against this plaintiff
and Patrick J. Ryan on said administrator's bond sued on,
and costs of suit. And on the 1st day of July, 1897, the
defendants in said action filed their motion for a new trial,
which was overruled by the court on the 22nd day of April,
1898, and excepted to at the time by the defendants to said
action; that a full, true, and complete certified transcript of
said judgment and proceedings marked A is filed herewith
and is made a part hereof. The plaintiff avers that the fol-
lowing errors appeared in said proceedings and judgment:
(1) That the court erred in overruling the demurrer of the
defendants in said action to each paragraph of said com-
plaint; (2) that the court erred in overruling the separate
demurrer of this plaintiff to each paragraph of said com-
plaint; (3) that the first paragraph of said complaint does
not state facts sufficient to constitute a cause of action
against this plaintiff; (4) that the second paragraph of said
complaint does not state facts sufficient to constitute a cause
of action against this plaintiff; (5) that there is no record
of the submission of said cause for trial and of trial of said
cause, and the court erred in entering said special finding
of facts and conclusions of law and judgment thereon, and
the same are irregular, illegal, and void on account of there
being no submission of said cause for trial, and on account
of there having been no trial of said cause appearing of
record; (6) that the court erred in its conclusions of law

stated upon said special finding of facts; (7) that the court erred in overruling the motion of defendants in said action for a new trial. Wherefore, plaintiff prays judgment", etc.

We think this complaint is fatally defective. The late decisions of the Supreme Court of this State are directly in point upon this question, and it has been held that the complaint in an action to review a judgment must contain in the body thereof. enough of the pleadings in the cause sought to be reviewed to present the question of the alleged error without resorting to the transcript of the record filed with the complaint as an exhibit. It was said in *Jamison* v. *Lake Erie, etc., R. Co.*, 149 Ind. 521: "It is alleged as error that the court erred in overruling the demurrer to the second paragraph of answer. Even if it is sufficient to file a copy of the record sought to be reviewed as an exhibit, it would seem, under our practice, that the facts stated in a complaint for review for error of law should be sufficient to withstand a demurrer without resorting to the transcript filed therewith. In actions brought for a new trial on account of newly discovered evidence, the rule is that the pleading and evidence in the original case and the newly discovered evidence may be filed with the complaint as an exhibit. Yet, in such cases, in determining the sufficiency of the complaint the pleadings and evidence in the original case filed with the complaint as an exhibit can not be considered. Neither the pleadings nor evidence in the original case can be resorted to for the purpose of supplying any averment essential to the sufficiency of the complaint. * * * So, in this case, we think the complaint should have stated so much of the complaint and answer, or the substance or nature or character thereof, as was necessary to present the question of the alleged error, without resorting to the exhibit filed with the complaint." To the same effect see *Wabash R. Co.* v. *Young,* 154 Ind. 24.

As to any other error of law, the facts upon which the ruling is based are not shown by the complaint, and it has

been repeatedly held that it is essential to a complaint for a review of a judgment for error of law that the complaint specifically set forth the ruling of the court relied upon as error and the facts upon which the ruling is based, and that the plaintiff at the time of such ruling excepted thereto. *American Ins. Co.* v. *Gibson,* 104 Ind. 336; *Findling* v. *Lewis,* 148 Ind. 429.

The judgment is reversed, with instruction to the lower court to sustain the appellant's demurrer to the complaint.