ENGLISH ET AL. v. RANDLE, ADMINISTRATOR.

[No. 3,919. Filed October 29, 1902.]

APPEAL AND ERROR.—*Exceptions.*—Where no objections were made in the trial court to the manner of procedure, the same can not be questioned on appeal. *p. 682.*

SAME.—*Exceptions.*—No question is presented on appeal upon the overruling of a demurrer to an answer, where no exception was taken to such ruling. *p. 683.*

From Jasper Circuit Court; *S. P. Thompson*, Judge.

Action by William H. Randle, administrator of the estate of Nancy J. Shaw, deceased, against Samuel W. English and wife on a promissory note. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

*B. F. Ferguson* and *J. E. Wilson*, for appellants.

*W. H. Parkison, M. F. Chilcote, C. W. Hanley* and *J. J. Hunt*, for appellee.

PER CURIAM.—Appellee is administrator of the estate of Nancy Jane Shaw, who died intestate May 2, 1900. In the inventory of her personal estate was a note, signed by appellant and Emma J. English, his wife, for $3,750, dated May 14, 1897, the present value of which, if any, the appraisers stated, was unknown to them. Appellee, on September 12, 1900, filed his petition in the Jasper Circuit Court asking what disposition he should make of the note. The court ordered the administrator to give notice to appellants to appear and show what right or claim they had to' the note. On October 2, 1900, appellants filed what is termed an "answer," under oath, stating that appellant Emma J. English is a niece of decedent; that the note was given for the purchase price of land; that there had been payments on the note amounting to $2,250; that in June, 1899, decedent told appellants that if they would purchase an adjoining tract of land she would give to appellants the balance due on the note; that in the spring of 1900 appel-

lants secured a loan upon their land and decedent at that time told them that she wished to give them the balance due on the note, except $1,500, which sum appellants then paid; that the mortgage given to secure the note was released by decedent, who stated at the time that she would deliver the note to appellants. At a subsequent term of court appellants filed what is termed a "complaint," in two paragraphs, but as they are in no manner questioned they need not be further noticed. Issues were formed upon the pleadings, and a trial resulted in a finding against appellants that there was a balance due on the note which was a part of the purchase price of the land; that the release of the mortgage securing the payment of the note be canceled as to the balance due on the note.

The case seems to have been submitted to the court without regard to some of the usual forms of pleading, but as no objection was made by appellants in the trial court to the manner of procedure, they can not raise the question first on appeal. The administrator had in his possession a note payable to his decedent, and signed by appellants. Appellants claimed that they had paid part of the note; that the balance due was given to them by the decedent; that the mortgage securing the note had been released; and that decedent intended to deliver to them the note before her death, but did not do so. Evidence was introduced by both parties upon the merits of the controversy without objection to the mode of procedure, and although the proceedings may have been somewhat irregular, yet no objection whatever was made at the time.

Since the abolition of the common pleas courts, the circuit courts have had exclusive jurisdiction of all matters relating to the settlement of decedents' estates. Appellants submitted to the jurisdiction of the court, and the issues voluntarily raised by them were submitted to a court having general jurisdiction of the subject-matter. They made no objection to the jurisdiction of the court, but went to trial

without objection. *Ohio, etc., R. Co.* v. *Heaton,* 137 Ind. 1; *Louisville, etc., R. Co.* v. *Power,* 119 Ind. 269; §2365 Burns 1901.

Error is assigned upon the overruling of the appellants' demurrer to a paragraph of answer, but as no exception to the ruling was taken, no question is presented.

Appellants tried the case upon the theory that they had paid part of the note and that the balance was given to them by the decedent. Upon this question the evidence was conflicting. We can not disturb the court's conclusion in this respect without weighing the evidence. There is evidence to sustain the finding. Judgment affirmed.