## WHITE *v.* WHITE.

[No. 26,310.    Filed February 23, 1935.    Rehearing denied May 24, 1935.]

*William S. Clendenin,* for appellant.

*J. Brandon Griffis* and *Feemster & Feemster,* for appellee.

TREMAIN, J.—The judgment of the trial court in this case depends upon the validity of Chapter 61, Acts 1925. In *Lyle Martin* v. *Rudolph Loula, etc., et al.* (1935), post 346, 194 N. E. 178, the chapter is held to be unconstitutional. and void. Upon that authority the judgment is reversed, and the trial court is instructed to sustain appellant's motion to quash the execution.

### ON PETITION FOR REHEARING.

TREMAIN, J.—Upon the authority of *Lyle Martin* v. *Rudolph Loula, etc., et al.* (1935), post 346, 194 N. E. 178, the judgment in the above cause was reversed. Appellee has filed his motion for a rehearing and takes the position that the court erred in said reversal for the reason that no final judgment had been rendered in the lower court.

The record shows that in January, 1932, the appellee recovered a judgment against the appellant; that an execution was issued upon said judgment to the sheriff of Wayne county and returned unsatisfied; that thereafter in December, 1932, upon the *ex parte* affidavit of the appellee, as provided by chapter 61 of the Acts of 1925, a garnishee execution was issued against the appellant and his employer commanding the sheriff to collect ten per cent. of the wages due appellant; that the execution was issued without notice to appellant, but upon his learning of its issuance he appeared in court and filed a motion to quash the execution issued against his wages; that the court overruled the motion to quash; that upon the ruling of the court the appellant (defendant below) prayed "an appeal to the Supreme Court of Indiana, which prayer is granted. Thereupon the court fixes the appeal bond herein in the penal sum of one hundred ($100) dollars. And now the defendant files his appeal bond, in these words and figures, to-wit."

Thereupon the appeal was effected and filed in this

court. It is the position of the appellee that no final judgment was rendered and therefore no appeal could be had, and that the appeal should be dismissed rather than reversed upon the authority of the Martin-Loula case. It is pointed out that no exceptions had been taken at the time of the rendition of the original judgment in January and that the appellant was not undertaking to appeal from that judgment. This is correct, but when the court overruled appellant's motion to quash the garnishment execution no further action could be taken in the lower court by the appellant to contest said execution. The overruling of the motion had the effect of rendering a final judgment against appellant upon that particular feature of the case. It was final because it left nothing to be judicially determined by the court between the parties. 2 Encyc. Pleadings & Practice, p. 609; *Cole* v. *Penwell* (1839), 5 Blackford 175.

In addition it is the opinion of the court that the appellee has waived his right to present this question for the reason that after appellant had filed his brief in this court, the appellee, on September 1, 1932, filed a petition for an extension of time in which to file brief, and in said petition said:

"That appellee will not file in this cause any motion to dismiss or any dilatory motion or plea. That appellee's brief when filed will be his answer brief, and upon the merits of the cause."

This representation upon the part of the appellee precluded him from thereafter insisting upon a dismissal of the cause. If he desired to file a motion to dismiss, it should have been done prior to making an application for time in which to file brief.

Appellee further contends that this court can not consider *Martin* v. *Loula, supra,* as an authority for the reason that it is decided upon a question not presented

by appellant in the instant case; that the only ground upon which the appellant attacked the execution was that of lack of due process, which question was not passed upon by the court in the Martin-Loula case.

The rule forbidding the discussion of points not originally suggested by appellant is made for the protection of the court and only operates to excuse the court from considering questions that are not shown to have any material bearing upon the rights of the parties. Notwithstanding the failure of counsel to present the question, the court may consider and decide a question presented by the record, and may go outside the briefs of counsel for reasons upon which to base the decision in order to do justice to the parties. *Big Creek Stone Co.* v. *Seward* (1895), 144 Ind. 205, 42 N. E. 464, 43 N. E. 5; *Haggart* v. *Stehlin* (1893), 137 Ind. 43, 35 N. E. 997; *Travelers' Ins. Co.* v. *Prairie School Township* (1898), 151 Ind. 36, 49 N. E. 1, 51 N. E. 100; *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 1141.

In the instant case, the law, upon which the garnishment execution was based, has been held to be void. Justice requires the lower court to sustain the motion to quash the summons. Petition for rehearing is denied.