BRYANT ET AL. *v.* OWENS ET AL.

[No. 28,906.   Filed April 28, 1953.]

238

*Jacobs & Noland,* of Indianapolis, for appellants.

*Paul F. Mason,* of Rockport, and *Waldo Hendrickson,* of Boonville, for appellees.

EMMERT, C. J.—This is an appeal from a judgment entered November 8, 1951, hereafter referred to as the second judgment, which adopted a minor child as the child and heir of appellees, placed the care and custody of said child with appellees, and adjudged that appellants take nothing by their cross-petition for the custody of said child.

Appellees filed a motion to dismiss the appeal for failure of appellants to comply with the rules of this court regulating appeals, and also on the ground that the judge's certificate to the bill of exceptions containing the evidence on the hearing was

defective. We granted appellants' motion to amend the transcript by attaching an index thereto. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2342, p. 130. Before filing the motion to dismiss the appellees asked and obtained an extension of time to file their answer brief. Under Rule 2-16, this waived the defect, if any, in the judge's certificate to the bill of exceptions. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629. We find appellants have made a good faith effort to comply with our rules on briefs, and the motion to dismiss should be and the same is denied.

After the entry of the second judgment, the appellants employed other counsel who filed a motion for new trial, which was overruled. The assignment of errors here charges the trial court erred (1) in overruling the motion for new trial, and (2) in assuming and exercising jurisdiction over the cause and its subject matter. The motion for new trial stated as causes for a new trial that the decision was not sustained by sufficient evidence, was contrary to law, and that appellants had been denied due process of law in various respects not necessary to discuss in this opinion.

This controversy began when appellees, on the 16th day of January, 1950, filed a verified petition for the adoption of the infant child in cause number 632 on the juvenile records of said Warrick Circuit Court. The appellant mother appeared by counsel the 27th day of June, 1950, when the cause was set for hearing on July 28, 1950. The order book record then states that on the 27th day of July, 1950, "the same being in an adjourned term, 1950, of the Warrick Circuit Court," the appellants in said cause filed an answer in two paragraphs. The first paragraph put the petition at issue, but the second paragraph is in fact a cross-petition, which al-

leged that appellant Hazel Irene Duff Bryant was the mother of said child, that the mother married appellant Harold Bryant the 2nd day of December, 1949, that neither had given consent to the adoption, that the child was not a ward of any guardian, agency or department of public welfare, that appellants were entitled to the custody of said child.

On this July 27th the cause was heard and continued for argument on August 7, 1950, and on this latter day, by agreement the matter was continued.

On October 14, 1950, being in the September Term, 1950, the trial court entered a finding against the appellees on their petition for adoption, and against the appellants on their cross-petition for custody, upon which a judgment was duly entered, hereafter referred to as the first judgment.

The next order book entry shown by the record discloses that in the same cause number 632, before a successor judge of the Warrick Circuit Court, in vacation, evidence was heard on a petition for adoption and upon appellants' cross-petition. The finding (entered in the November Term 1951), on which the second judgment was based, copied in full appellees' petition for adoption, which is the same petition tried before the first finding and judgment.

It is the duty of appellant to bring before us a proper record, "making the error he assigned apparent on the face thereof." *Siberry* v. *State* (1895), 149 Ind. 684, 688, 39 N. E. 936. We infer that the record now before us omits nothing in favor of the appellants. We can only look to the record before us, and it presents a case where a judgment was duly entered on a petition and cross-petition, and without any effort being made to appeal from, vacate or annul such judgment, the same court later after the term of the entry

of the first judgment, had another hearing on the same petition and entered another judgment, from which an appeal is now prosecuted.

The question of merger of the causes of action in the first judgment is not presented by counsel, but "Where resort to the record is necessary, the case will be determined by the record, and in such a case the court will not regard itself as governed by the conceptions of counsel on either side as to the nature of the controlling facts. *Big Creek Stone Co.* v. *Seward* (1896), 144 Ind. 205, [42 N. E. 464]; *Scott* v. *City of Laporte* (1904), 162 Ind. 34, [68 N. E. 278]; *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, [78 N. E. 1016];" *Cleveland, etc., R. Co.* v. *Moore* (1907), 170 Ind. 328, 364, 82 N. E. 52. See also *White* v. *White* (1935), 208 Ind. 314, 317, 194 N. E. 355; *Keeshin Motor Express Co.* v. *Glossman* (1942), 219 Ind. 538, 557, 38 N. E. 2d 847.

Under Chapter 146 of the 1941 Acts, §3-115 to §3-125, Burns' 1946 Replacement, the petition is filed with the clerk of a court having probate jurisdiction in probate matters. Warrick County does not have a separate probate court, so the petition is to be filed with the Clerk of the Warrick Circuit Court. This court has "jurisdiction of all other causes, matters and proceedings where exclusive jurisdiction thereof is not conferred by law upon some other court, board or officer." Section 4-303, Burns' 1946 Replacement. Section 9-3103, Burns' 1942 Replacement (Supp.), does not give jurisdiction to the juvenile court in matters of adoption. See *Attkisson* v. *Usrey* (1946), 224 Ind. 155, 65 N. E. 2d 489. The fact that the petition of appellees was erroneously docketed as a juvenile cause did not make it such, and it was a harmless error which did not affect the jurisdiction of the trial court. *Lang-*

*ley* v. *Mayhew* (1886), 107 Ind. 198, 6 N. E. 317, 8 N. E. 157.

There is nothing in the record showing appellants made any objection to the first hearing at an adjourned term, and any irregularities are therefore waived. *Louisville, N. A. & C. Ry. Co.* v. *Power* (1889), 119 Ind. 269, 21 N. E. 751. "The record not showing the contrary, the presumption is that the adjourned term was lawfully held." *Wood* v. *Franklin* (1884), 97 Ind. 117, 121. Where the court does hold an adjourned term, "It is to be deemed a part of the regular term; and every step may be taken at such adjourned term, that might have been taken at the regular term." *Smith* v. *Smith* (1861), 17 Ind. 75, 76. The first hearing was proper and within the jurisdiction of the Warrick Circuit Court.

When the appellants filed their answer to the petition for adoption and their cross-petition in the same cause, they submitted their cause of defense and cause of action to the circuit court exercising probate jurisdiction. The judgment on the petition for adoption merged that cause of action therein. "It has often been decided by this court, that the cause of action in a suit is merged in the judgment rendered thereon. *Cissna* v. *Haines,* 18 Ind. 496; *Rawley* v. *Hooker,* 21 Ind. 144; *Ault* v. *Zehering,* 38 Ind. 429; *Gould* v. *Hayden,* 63 Ind. 443." *Ward* v. *Haggard* (1881), 75 Ind. 381, 384, 385.[1]

---

1. "The cause of action thus established and permanently attested is said to merge into the judgment establishing it, upon the same principle that a simple contract merges into a specialty. . . . The cause of action, though it may be examined to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree." 2 Freeman, Judgments (5th Ed.) §546, pp. 1165, 1166.

It logically follows from this rule that the complaint or petition which states the cause of action is also merged in the judgment which is based upon the pleading. This affirmatively appears from the record in the same cause, and in such case the matter need nǫt be specially pleaded by answer. *Ward* v. *Haggard* (1881), 75 Ind. 381, *supra.*[2]

The second judgment was void on the face of the record. The cause of action it purported to adjudicate had been merged and extinguished by the first judgment.[3] An appeal will lie from a void judgment in order to set it aside. *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676; *Shideler* v. *Martin* (1922), 192 Ind. 574, 136 N. E. 1, 137 N. E. 528; *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816. Since the second judgment is void because the causes of action were merged in the first judgment, it would be improper to grant a motion for new trial directed to the second judgment. There is no issue left to try.

Judgment reversed, with instructions to the trial court to vacate the judgment entered November 8, 1951.

Draper, J., concurs in result.

NOTE.—Reported in 111 N. E. 2d 804.

2. "Though it has been said that the doctrine of *res adjudicata* in technical definition only applies to decisions in another suit, by an analogous, if not identical, principle applicable in such case, and often by that name, the rule is applied with like effect to decisions in a former stage of the same suit." *Detroit v. Highland Park* (1915), 186 Mich. 166, 174, 175, 152 N. W. 1002. See also 34 C. J. 752, §1162.

3. In *McIntosh v. Monroe* (Filed April 15, 1953), 232 Ind. 60, 111 N. E. 2d 658, we held that even by the consent of the parties after the time for appeal had expired from an original judgment, the court was without jurisdiction to set aside a ruling on a motion for a new trial filed in a preceding term and to then reinstate the original judgment.