BIELAT v. FOLTA ET AL.; BIELAT v. FOLTA, ET AL.

[Nos. 20,701 and 20,702. Rehearing denied September 18, 1967.]

*Jay E. Darlington,* of Hammond, for appellants.

*Edmond J. Leeney* and *Patrick J. Galvin,* both of Hammond, for appellees.

## ON PETITION FOR REHEARING

COOK, J.—Appellees urge us to reconsider our decision because it appears to appellees, "that the opinion of the Appellate Court in these cases is arrived at in violation of all previous pronouncements of the Supreme and Appellate Courts of this State and all others."

Appellees take exception to that part of our opinion which held Supreme Court Rule 1-4C and Burns' § 2-901 (6) (when enacted) constitutional but inapplicable to these proceedings.

Appellees say, "The ground for reversal of the lower court's ruling in these cases was advanced for the first time by this court; it was not presented to the trial court and even more important, it was not presented by either party on appeal. . . .The constitutionality of Rule 1-4C and Burns' § 2-901 was the only question presented to the trial court in an effort on the part of Appellants to show cause why the cases should not be dismissed. . . . No Principal (sic) of law is more firmly established than the principal (sic) that all questions must be presented to the trial court first in order that they may be considered by the court on appeal. . . . Furthermore, no Appellate Court ever entertained a question not presented to it by the brief of the parties." Appellees refer

us to 3 *Wiltrout, Indiana Practice,* § 2782, which discusses generally the questions which may be presented on appeal. We need only turn a page in *Wiltrout* to § 2783, in order to find the fallacy in appellees' argument. In the latter section *Wiltrout* says: "In *Bryant* v. *Owen* (1953), 232 Ind. 237, 111 N. E. 2d 804, the court reversed the judgment on a question not presented by counsel, and quoted the following with approval: 'Where resort to the record is necessary, the case will be determined by the record, and in such a case the court will not regard itself as being bound down to the conceptions of counsel on either side as to the nature of the controlling facts.' " At the same place, *Wiltrout,* in discussing Rule 2-17 (f) reports that the purpose of the rule was to relieve the reviewing court of the burden of searching the record and briefing the case. "The rule will not be carried so far as to require the court to close its eyes to that which is apparent. . . . The court is not limited by the argument and reasons advanced in the briefs as to why the judgment should be affirmed or reversed. *White* v. *White* (1935), 208 Ind. 314, 194 N. E. 355."

It should be remembered that we are reviewing judgments dismissing these cases "for want of prosecution." These are final appealable judgments and the action of the trial court in entering judgments of dismissal is assigned as error, thus presenting to this court an issue of law which we feel obligated to consider and decide.

Appellees' argument and decisions relied on relating to a departure from the "theory of the case" have no application here. The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal. Questions within the issues and before the trial court are before the appellee court, and new arguments and authorities may with strict priority be brought forward.

We cannot grant a hearing on the holding in *State* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475, as urged by appellees. We feel compelled to follow the reasoning of *State ex rel. Uzelac* v. *Lake Crim. Ct.* (1965), [247 Ind. 87] 7 Ind. Dec. 205, 212 N. E. 2d 21.

Rehearing denied.

Pfaff, C. J. and Bierly and Smith, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 474.