Stuart SHOWALTER and Nancy Showalter, Appellants–Defendants,

v.

TOWN OF THORNTOWN, Appellee–Plaintiff.

No. 06A01–0805–CV–211.

Court of Appeals of Indiana.

March 12, 2009.

Transfer Denied June 16, 2009.

Bryan Lee Ciyou, Ciyou & Dixon, P.C., Indianapolis, IN, Attorney for Appellants.

Cy Gerde, Hanna, Gerde & Russell, Michael L. Parkinson, Lafayette, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Stuart and Nancy Showalter appeal from the trial court's order that they pay the attorneys' fees incurred by the Town of Thorntown ("Thorntown") in Thorntown's enforcement of various ordinances against the Showalters. The Showalters raise a single issue for our review, which

we restate as whether they preserved their appeal of the trial court's order that they pay Thorntown's attorneys' fees.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts are not disputed on appeal. As the trial court specially found in its April 3rd, 2008, order:

6. At all times relevant to this case, Defendant Stuart Showalter rented the property located at 725 West Main Street, Thorntown, Boone County, Indiana. As of September 1, 2006, Stuart Showalter resided at that location.

7. Defendant Nancy Showalter was, as of September 1, 2006, and continues to be the owner of said property.

* * *

9. There was in effect on September 1, 2006, Thorntown Town Ordinance ·2004–2–12–1(B), which ordinance states in relevant part as follows: ["]PUBLIC NUISANCE AFFECTING HEALTH. The following acts, omissions, places, conditions and objects are hereby specifically declared to be public nuisances … [."]

10. In particular[,] 2004–2–12–1(B)(4) provides: [ ] "All noxious weeds and other rank growth of vegetation, which are allowed to exceed one foot."

11. Thorntown Ordinance 2004–12–13–106 defines "noxious weeds" as "any weed over 12 inches in height, defined by the USDA as a prohibited or restricted nature and including but not limited to … wild grasses such as … giant fox tail…. ["]

* * *

13. Ordinance Number 2004–2–12–1(C)(1) declares as public nuisances "all signs and billboards, awnings and other structures over or near streets and sidewalks, public grounds, or places frequented by the public, so situated or constructed as to endanger the public."

* * *

17. Thorntown Ordinance 2004–1–11 further provides that:

"(a) Any person who violates any ordinance of the town, including any provision of this code, for which no penalty is specifically prescribed shall, upon conviction, be fined a sum not exceeding $2,500.00.

(b) *Notwithstanding any other provision herein, any person adjudged guilty of violating any provision of this code may also be adjudged to pay the cost of the prosecution including attorney fees,* and any actual damages sustained by the town by virtue of such violation.

(c) Any person adjudged guilty of violating this Code who fails to promptly pay the fine and costs shall be subject to such proceedings for collection as provided by law.

(d) Each day a violation occurs or continues constitutes a separate and distinct offense."

18. On September 1, 2006, and prior thereto, Jeff Woodard was the marshal in Thorntown, Indiana. Woodard testified that prior to September 1, 2006, he received numerous informal complaints regarding the condition of the Showalters' Thorntown property. Marshal Woodard testified that he had issued other citations to Stuart Showalter prior to the citation issued on September 1, 2006.

* * *

23. On September 1, 2006, Thorntown Marshal Jeff Woodard issued Complaint and Summons # 003386 to Stuart Showalter for alleged violations of Ordinances 2004–2–12–1(B)(4) and 2004–2–12–1(C)(1) upon the property located at 725 West Main Street.... Marshal Woodard testified that Stuart Showalter was the resident....

24. On January 16, 2007, the Plaintiff Town of Thorntown filed a "Motion to Add Necessary Defendant." In said Motion, the Town alleged that it had recently learned that the real estate ... was in fact owned by Nancy Showalter....

* * *

29. Some of the photos admitted depict numerous signs in the windows of the residence at 725 West Main Street. Plaintiff's Exhibit four (4) depicts signs in each of the four (4) windows on the front of Defendant Stuart Showalter's residence. Exhibits four (4) and five (5) depict signs displayed in three (3) of the windows on the west side of Stuart Showalter's residence as well. Exhibits one (1) through eight (8) further depict vegetation appearing to be in excess of twelve (12) inches in height.

30. It was the testimony of Defendant's witness Robert Crouch[ ] that he had also observed flashing lights around a sign displayed in a window of the Defendants' Thorntown house.

* * *

34. On cross-examination, Marshal Woodard testified that the citation was written in light of the size and number of signs displayed; the size of the writing on the signs; and the location of the signs within close proximity to the intersection of State Road 47 and the public thoroughfare that runs adjacent to the west side of the Defendants' property.

35. When asked what hazard the signs posed, Marshal Woodard testified that the signs drew the attention of drivers on those thoroughfares away from the streets ... and to the signs....

* * *

48. Nancy Showalter acknowledged that Plaintiff's Exhibit fifteen (15) depicted growth of vegetation at least two (2) feet in height....

49. Nancy Showalter testified further that "foxtail" is an "ornamental grass." Mrs. Showalter admitted during her testimony that she did not know whether "foxtail" is a "noxious weed."

50. Mrs. Showalter acknowledged, on cross-examination, that one would not usually plant ornamental grasses under a swing set as is depicted in Plaintiff's Exhibit fifteen (15).

* * *

60. Thorntown Council President Gary Jones testified at trial that the Town of Thorntown incurred attorney fees in the prosecution of this cause of action. Plaintiff's Exhibit fourteen (14), the statement of Town Attorney Cy Gerde, was admitted into evidence. Exhibit fourteen (14) showed attorney fees totaling [$19,980.00].

61. *At trial, Defendant Stuart Showalter challenged portions of Plaintiff's Exhibit [14].*

62. *In particular, Stuart Showalter contested entries on said bill for communications by the town attorney with former Indiana Public Access Counselor Karen Davis and present Indiana Public Access Counselor Heather Willis–Neal.*

63. *The record confirms that the Defendants never utilized the Indiana Rules of Trial Procedure in conducting discovery in the present case. Instead, Defendant Stuart Showalter utilized the Indiana Public Access Statute(s) in seeking documents from the Town of Thorntown relating to the present case.*

64. *Stuart Showalter further questioned entries on Exhibit fourteen (14) that referenced cause numbers not associated with the case tried on October 10, 2007, and February 14, 2008.*

65. *If the Court were to subtract the time listed on Plaintiff's Exhibit fourteen (14) attributable to cases other than [the] current cause ... the result would be the subtraction of [21.3] hours[ ] from said statement.*

66. *[$185] per hour, [86.7] hours of attorney time compute[s] to [$16,039.50] in billable hours.*

### CONCLUSIONS OF LAW

\* \* \*

18. At trial, the Town of Thorntown proved by a preponderance of the evidence violations by the Defendants on September 1, 2006[,] of Thorntown Town Ordinance 2004–2–12–1(B)(4).

\* \* \*

27. The Plaintiff Town of Thorntown met its burden of proof as to its allegation of violation of Ordinance 2004–2–12–1(C)(1).

\* \* \*

JUDGMENT IS HEREBY ENTERED in favor of the Plaintiff Town of Thorntown and against the Defendants Stuart Showalter and Nancy Showalter upon the two (2) ordinance violations with which they were cited on September 1, 2006.

\* \* \*

THE DEFENDANTS ARE, THEREFORE[,] liable for total fines in this cause of action in the sum of [$7,310].

IF IS FURTHER ORDERED that the Town of Thorntown has established reasonable attorney fees expended in the prosecution of the present case in the sum of [$16,039.50] through October 10, 2007, and that the Town is entitled to [a] hearing on additional attorney fees sustained by the Town by virtue of the Defendants' violations after October 10, 2007. Hearing on additional fees will be set upon the request of Plaintiff's counsel.

Appellants' App. at 15–31 (emphases added).

On July 30, 2007, more than two months before the first of the two contested hearings before the trial court, Thorntown filed its motion for summary judgment against the Showalters. In that motion, Thorntown specifically sought to recover for its attorneys' fees pursuant to Thorntown Ordinance 2004–1–11(b). *See* Pl. Exh. 13 at 5. And on February 14, 2008, at the second of the two contested hearings, Thorntown again sought to recover its attorneys' fees, and Thorntown introduced its July 30, 2007, motion for summary judgment into evidence without objection. *See* Transcript at 190. In response, the Showalters did not challenge Thorntown's right to recover those fees. Rather, at the February 14, 2008, hearing, the Showalters raised only the following challenges to Thorntown's claim for fees: (1) charges made for communication with Indiana's public access counselor were inappropriate, *id.* at 199–200, 202; (2) charges pertaining to "junctive [sic] and declaratory relief" were inappropriate, *id.* at 200–01; and (3) charges for another cause number were

improperly applied to the action against the Showalters, *id.* at 200–04. Again, in its order of April 3, 2008, the trial court ordered the Showalters to pay Thorntown's attorneys' fees. This appeal ensued.

## DISCUSSION AND DECISION

The Showalters raise one issue on appeal, namely, whether Thorntown Ordinance 2004–1–11(b), which permits Thorntown to recover its attorneys' fees upon the successful enforcement of its ordinances, violates Indiana law. In response, Thorntown asserts that the Showalters waived this issue for appellate review because they did not first present their argument to the trial court. In their Reply Brief, the Showalters concede that, generally, an issue is available for appellate review only if it has first been raised before the trial court. However, the Showalters contend that "the issue on appeal is not 'X' amount of Thornton's [sic] attorney[s'] fees.... The issue is the legal means by which the trial court found it could afford this relief to Thorntown as *first* set out in the Special Findings." Reply at 3 (emphasis original). The Showalters continue: "[We] do not concur that [the legal authority of the trial court to order payment of attorneys' fees] is part and parcel of the trial court's attorney[s'] fees evidence, and[,] as such, waiver, thereafter, of all matters related to same [sic]." *Id.* at 4.

The Showalters have waived the issue raised on appeal for review. As this court has explained on numerous occasions:

A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court. *GKC Indiana Theatres, Inc., v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 652 (Ind.Ct.App. 2002). However, that principle is not without limits. As explained by this court in *Bielat v. Folta:*

"The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that *substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal.* Questions within the issues and before the trial court are before the appellate court, and new arguments and authorities may with strict propriety be brought forward." 141 Ind.App. 452, 454, 229 N.E.2d 474, 475 (1967).

*Johnson v. Parkview Health Sys.,* 801 N.E.2d 1281, 1287–88 (Ind.Ct.App.2004) (emphasis added), *trans. denied.* Further:

This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. *See Whiteco Indus., Inc. v. Nickolick,* 549 N.E.2d 396, 398 (Ind.Ct. App.1990). Appellate courts, on the other hand, have the authority to review questions of law and to judge the sufficiency of the evidence supporting a decision. *Id. The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider.* Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case....

*GKC,* 764 N.E.2d at 651 (emphasis added).

Here, the Showalters were first informed on July 30, 2007, by Thorntown that it would seek reimbursement of its attorneys' fees pursuant to Ordinance 2004–1–11(b). Thorntown reiterated that

position more than six months later, during the contested hearing on February 14, 2008. At no point between July 30, 2007, and the end of the contested hearing on February 14, 2008, did the Showalters challenge the legal authority behind Thorntown's request for attorneys' fees, nor did the Showalters challenge the legitimacy of Thorntown Ordinance 2004–1–11(b). Rather, the Showalters only challenged portions of Thorntown's Exhibit 14 on the grounds that some charges were erroneously included in that exhibit.

The Showalters' characterization that they could not have known "the legal means by which the trial court found it could afford this relief" until the trial court actually ordered them to pay attorneys' fees is without merit. *See* Reply at 3. Thorntown gave the Showalters ample notice of its claim and the authority for its claim, namely, Thorntown Ordinance 2004–1–11(b). The Showalters responded by parsing Thorntown's evidence rather than challenging the legal authority for Thorntown's claim, and the trial court entered its April 3, 2008, order in accordance with the parties' arguments.

We reluctantly conclude that the Showalters have waived their arguments. The issues raised by the Showalters merit appellate review. Both the amount of the Thorntown fine levied against the Showalters ($7,310) and the amount of the attorneys' fees awarded to Thorntown ($16,039.50) appear excessive. To be sure, the Showalters should have cut the weeds and removed the signs, but those violations hardly raise complex legal issues to warrant a judgment in excess of $23,000. Finally, the fact that the Showalters utilized Indiana's Public Access Statutes, rather than the Indiana Rules of Trial Procedure, to obtain documents from Thorntown is of no moment and should not have exposed the Showalters to additional attorneys' fees.

In sum, we are obliged to hold that the Showalters have not preserved their arguments for appellate review. The Showalters' stated issue on appeal—that the award of attorneys' fees to Thorntown is contrary to law—is a substantive question independent in character from the issues and arguments they raised at trial. We cannot say that the trial court erred when it never had an opportunity to address the issue now raised for the first time on appeal. The judgment against the Showalters is affirmed.

Affirmed.

BAKER, C.J., and KIRSCH, J., concur.