Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**WILLIAM VANHORN**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| In Re the Paternity of S.P., | ) | |
| | ) | |
| W.V., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1303-JP-251 |
| | ) | |
| R.P., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

### APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Kimberly S. Dowling, Judge
Cause No. 18C02-0009-JP-76

**October 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

W.V. ("Father") appeals from the trial court's denial of his motion to stay the provision of a child support withholding order pertaining to accrued arrearages, contending that it was implemented without notice to him and without a hearing at which he could be present.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 5, 2000, the State, through the IV-D prosecutor, filed a petition to establish support for S.P., a minor child. The State was not directly representing S.P.'s Mother in this matter, but was representing the interests of the State because Mother is a Title IV-D recipient. *See Collier v. Collier*, 702 N.E.2d 351, 355 (Ind. 1998) (State has statutory authority to represent parents in child support modification actions); *see also* Ind. Code § 31-25-4-13.1. In 2001, Father was adjudicated the natural father of S.P. and was ordered to pay support in the amount of $40.00 per week.

Father fell behind in his child support payments and does not challenge the fact that he is in arrears in his child support payments. In October 2008, the Title IV-D Agency instituted an income withholding order and sent it to Father's employer, Morales Group. The income withholding applied to both current child support and for payment against the arrearage. Thereafter, Father was incarcerated in the Indiana Department of Correction for an entirely unrelated offense.

In October 2010, Father filed a petition to lower his child support obligation. In February 2011, an income withholding notice was sent to Father's new employer, the Putnamville Correctional Facility. On January 18, 2012, the trial court granted the

petition to lower child support, eliminating Father's obligation to pay child support from October 15, 2010 until the first Friday after Father's release from incarceration. A search of the Indiana Department of Correction offender database reflects that Father's projected release date is July 12, 2018. *See* www.in.gov/apps/indcorrection/ofs/ofs. (last visited on Sept. 5, 2013). On January 18, 2012, an amended income withholding notice was sent to Putnamville Correctional Facility and reflected that no current child support was to be withheld, but that the $45.00-per-week arrearage payment was to be withheld. The notice provided that if the full amount could not be withheld, then the employer was to withhold up to 55% of Father's disposable income.

On October 12, 2012, Father sent a letter to the trial court in which he sought a review of the income withholding order. Father stated that although he understood "the purpose of [the income withholding], having 55% of his prison income withheld did not leave enough money for him "to survive." *Appellant's App*. at 59. Father also alleged that he never received notice of the amended withholding order.

On January 24, 2013, Father filed an official petition with the trial court requesting that the court stay the income withholding order. In that petition Father noted that the trial court had modified his current child support obligation and that he had not been given notice of the amended withholding order. He alleged that the Putnamville Correctional Facility began taking 55% of his prison pay in approximately July 2012.

On January 28, 2013, the trial court set the matter for hearing and denied Father's request to disallow the income withholding order two days later. On March 1, 2013, the trial court held another hearing and, three days later, issued an order affirming its earlier

3

denial of Father's request to stay the income withholding order. Father now appeals.

## DISCUSSION AND DECISION

We begin our review of the issues presented by recognizing that under our standard of review we place a "strong emphasis on trial court discretion in determining child support obligations" and acknowledging "the principle that child support modifications will not be set aside unless they are clearly erroneous." *Lea v. Lea*, 691 N.E.2d 1214, 1217 (Ind. 1998) (quoting *Stultz v. Stultz*, 659 N.E.2d 125, 128 (Ind. 1995)).

> One of the purposes of child support is to provide a child with regular and uninterrupted support. It has long been held the right to support lies exclusively with the child and a custodial parent holds the child support payments in trust for the child's benefit. As a constructive trustee, the custodial parent is the trustee of the non-custodial parent's obligation to pay and may not contract away the benefits of the constructive trust. In addition, once funds have accrued to the child's benefit, the trial court lacks the power to reduce, annul, or vacate the child support order retroactively. Ind. Code §31–16–16–6(a)[]. Thus, a party is generally required to make support payments in the manner specified in the child support order until the order is modified or set aside.
>
> There are two exceptions to the rule prohibiting retroactive modification of support already accrued, however. First, retroactive modification is allowed where the parties have agreed to and carried out an alternate method of payment which substantially complies with the spirit of the decree. Second, retroactive modification is allowed where the obligated parent, by agreement with the custodial parent, "takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time" that a permanent change of custody is effected.

*Hicks v. Smith*, 919 N.E.2d 1169, 1171-72 (Ind. Ct. App. 2010) (most internal citations omitted). Neither of the exceptions to the rule prohibiting retroactive modification of support already accrued applies in this situation.

4

Indiana Code section 31-16-15-2.5 is the provision allowing a Title IV-D agency to issue an income withholding order with a support order, and to implement the withholding order after giving notice unless a trial court stays the implementation of the order. Further, Indiana Code section 31-16-15-3.5 sets forth the information the Title IV-D agency must give to the obligor. The obligor is allowed to challenge the implementation of the income withholding order within twenty days after the date the notice is mailed. Ind. Code § 31-16-15-3.5(b)(5)(C). If the obligor challenges the order, the Title IV-D agency must schedule an administrative hearing. Ind. Code § 31-16-15-3.5(b)(5)(E). The "*only* basis for contesting the implementation of an income withholding is a mistake of fact." Ind. Code §31-16-15-3.5(b)(5)(D) (emphasis added); Ind. Code § 31-16-15-4.3(b).

A trial court, under Indiana Code section 31-16-15-0.5(c), may order a stay of an implementation order if:

> (1) One (1) of the parties demonstrates and the court finds good cause not to order immediate income withholding by finding all of the following:
> (A) A stay of implementation of the income withholding order is in the best interests of the child.
> (B) The obligor has a history of substantially uninterrupted, full, and timely child support payments, other than payments made through an income withholding order or another mandatory process of previously ordered child support, during the previous twelve (12) months.
> (C) The court issues a written finding that an income withholding order would cause an extraordinary hardship on the obligor.

Father challenges the authority of the IV-D agency to implement the order because he did not receive the appropriate notice prior to the implementation of the order and, consequently, did not have the opportunity to challenge the order. The relief Father seeks

5

is for this court to reverse the trial court's ruling and allow Father the opportunity to contest the income withholding order in an effort to set a percentage, which in his opinion more appropriately corresponds to his income from his prison job. The record reveals that in 2008, the IV-D agency implemented an income withholding order against Father by sending notice to his employer, Morales Group. After determining that Father was incarcerated and had a new employer, the Title IV-D agency sent notice to the Putnamville Correctional Facility.

As the State acknowledges, any challenge to the income withholding order sent to the Putnamville Correctional Facility would fail if the original implementation order from 2008 were deemed valid. Indiana Code section 31-16-15-3.5(a) provides in pertinent part, "The notice is sufficient for all future income withholding until the child support obligation is fully satisfied." Additionally, Indiana Code section 31-16-15-26 provides that if the Title IV-D agency or the court becomes aware that the child support obligor has a new income payor after the income withholding has been implemented, the court or the Title IV-D agency shall send the income withholding order to the new income payor. In order for Father's claim to be considered, we need to look at the notice provided in 2008, the original notice.

In 2008, the IV-D agency implemented an income withholding order against Father by sending notice to his employer, Morales Group. The record of that action is clear. What is not so clear from the record is whether appropriate notice was sent to Father. We have held that in the absence of clear evidence of notice, an appeal can be remanded to the trial court for a determination of whether the IV-D agency had authority

6

to implement the income withholding order. *Flowers v. Flowers*, 799 N.E.2d 1183, 1193 (Ind. Ct. App. 2003).

We prefer to decide a case upon the merits whenever possible. *Dedelow v. Pucalik*, 801 N.E.2d 178, 183 (Ind. Ct. App. 2003). This is so, because,

> The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal. Questions within the issues and before the trial court are before the appellate court, and new arguments and authorities may with strict propriety be brought forward.

*Id*. at 183-84 (quoting *Bielat v. Folta*, 141 Ind. App. 452, 454, 229 N.E.2d 474, 475 (1967)). Furthermore, "[i]t is not the policy of the law to require unnecessary things to be done. . . ." *Warren v. Ind. Tel. Co.*, 217 Ind. 93, 114, 26 N.E.2d 399, 407 (1940).

Without trivializing the importance of compliance with the statutory notice provisions, we observe that the arguments Father would have made at a hearing set on his challenge to the implementation order were before the trial court in this case, such that a remand is not necessary. In Father's letter to the trial court dated October 12, 2012, Father indicated his understanding of the purpose of the income withholding order, but argued that he earns $30-$35 per month in prison income. He claimed that, after the Department of Correction withheld 15% of his income for a re-entry account, and the additional 55% was withheld pursuant to the income withholding order, he was left "with **NOT** enough to survive." *Appellant's App*. at 59. In Father's motion to stay implementation of the withholding order, Father noted that his support obligation was

7

modified to reduce his current support obligation to $0 for the period from October 15, 2010, to the first Friday following his release from incarceration. *Id*. at 57. At the hearing held on March 1, 2013, Father indicated that he was seeking a stay of the implementation order because he makes only about $30 per month at his prison job and 70% of his income is deducted for a re-entry account and the withholding order. *Appellee's App*. at 3-4. Father claimed that the income withholding order was "taking away the only living expenses that [he] had access to." *Id*. at 4.

We agree with the State that Father's argument is a bit of a stretch. Father is incarcerated. Although Father claims that the Department of Correction is denying him the basic necessities with which to survive, he has presented no evidence to support this claim. Nonetheless, we address Father's contention that the withholding order, which pertains to his child support arrearage, should be stayed or reduced due to the fact of his incarceration.

In *Lambert v. Lambert*, 861 N.E.2d 1176, 1177 (Ind. 2007), our Supreme Court held that "incarceration does not relieve parents of their child support obligations." Father's current support obligation was abated effective October 2010, but the trial court was not required to do so because Father did have income. *See Clark v. Clark*, 902 N.E.2d 813, 817 (Ind. 2009) ("support obligation[s] should be based on the obligated parent's actual earnings while incarcerated (and other assets available to the incarcerated person)."). Further, there is no requirement that if child support is abated, payments for arrearages must be as well. *See Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007)

8

("after support obligations have accrued, a court may not retroactively reduce or eliminate such obligations.").

Moreover, Father's claim that 55% of his current income is too much also fails. The State may withhold a maximum arrearage amount up to 60% of the obligor's weekly disposable income. 15 U.S.C. § 1673(b)(2); *In re the Paternity of A.M.P.*, 896 N.E.2d 1188, 1192 (Ind. Ct. App. 2008) ("subject to some exceptions, caps withholding at 50 or 60 percent of the obligor's weekly income. . . ."). Mistake of fact is the only basis for challenging the implementation of a child support withholding order. Ind. Code § 31-16-15-3.5(B)(5)(D); Ind. Code § 31-16-15-4.3(b). A mistake of fact occurs "when some fact which really exists is unknown, or, some fact is supposed to exist which really does not." *Hill v. Bethlehem Steel Corp.*, 690 N.E.2d 1191, 1194 (Ind. Ct. App. 1997) (quoting *Terre Haute Paper Co. v. Price*, 47 N.E.2d 166, 170 (Ind. Ct. App. 1943)). Father makes no such claim and does not dispute either his paternity of S.P. or that he owes a child support arrearage.

Finding that Father has failed to establish that there is a factual basis by which the implementation of the withholding order is erroneous we affirm the trial court. While it is unclear whether Father received notice of the intent to withhold income, we find the record was sufficient for the trial court to consider his challenges, and for our review of the trial court's decision. The trial court correctly denied Father's motion to stay or terminate the withholding order. Affirmed.

ROBB, C.J., concurs.

RILEY, J., dissents with separate opinion

9

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE PATERNITY OF S.P: | ) | |
| | ) | |
| W.V., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1303-JP-251 |
| | ) | |
| R.P., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

**RILEY, Judge, dissenting**

I respectfully disagree with the majority's decision to affirm the trial court's denial of Father's motion to stay the provision of a child support withholding order pertaining to accrued arrearages. A prerequisite to the implementation of a withholding order is the issuance of a notice of intent to withhold income by the Title IV-D Agency to the obligor. *See* I.C. § 31-16-15-3.5. Here, however, the State acknowledges that while the Title IV-D Agency mailed a notice to Father's employer, "the record is not clear as to whether appropriate notice was sent" to Father. (Appellee's Br. p. 7). In the absence of clear evidence of compliance with the statutory notice provisions, I would remand to the trial court for a determination of whether the Title IV-D Agency had authority to implement the income withholding order. *See Flowers v. Flowers*, 799 N.E.2d 1183, 1193 (Ind. Ct. App. 2003).