ATTORNEY FOR APPELLANT
Doug A. Bernacchi
Michigan City, Indiana

ATTORNEYS FOR APPELLEE
DOCTOR
Michael E. O'Neill
Kelly K. McFadden
Kathleen M. Rose
O'Neill McFadden & Willett LLP
Dyer, Indiana

ATTORNEY FOR APPELLEE
HOSPITAL AND NURSES
Mark A. Lienhoop
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

---

## In the
## Indiana Supreme Court



No. 46S04-1403-CT-149

BONNIE MORYL, AS SURVIVING SPOUSE AND PERSONAL REPRESENTATIVE
   OF THE ESTATE OF RICHARD A. MORYL,              *Appellant (Plaintiff)*,

v.

CAREY B. RANSONE, M.D.,
LA PORTE HOSPITAL,
DAWN FORNEY, RN,
WANDA WAKEMAN, RN BSBA,
B. PRAST, RN, AND
CAROL CUTTER, IN HER CAPACITY AS COMMISSIONER OF THE
   INDIANA DEPARTMENT OF INSURANCE,          *Appellees (Defendants)*.

---

Appeal from the LaPorte Superior Court, No. 46D03-1009-CT-550
The Honorable Richard R. Stalbrink, Jr., Special Judge

---

On Transfer from the Indiana Court of Appeals, No. 46A04-1112-CT-710

---

**March 10, 2014**

**Dickson, Chief Justice.**

This case presents a question of first impression: whether, under Indiana's Medical Mal-

practice Act,[1] a proposed medical malpractice complaint is considered "filed" upon deposit with a private delivery service or upon receipt. The Court of Appeals affirmed the trial court's grant of summary judgment, finding that such proposed complaint is filed upon receipt. We now grant transfer and hold that the commencement of a medical malpractice action occurs when a copy of the proposed complaint is deposited for mailing by registered or certified mail or by certain private delivery services and that the plaintiff's action was timely filed in this case.

The plaintiff-appellant's husband, Richard Moryl, a patient at LaPorte Hospital, died on April 20, 2007, while under the defendant-appellees' care.[2] On Sunday, April 19, 2009, the plaintiff sent her proposed complaint to the Indiana Department of Insurance ("the Department") via FedEx Priority Overnight. The Department received the proposed complaint on Tuesday, April 21, 2009, and file-stamped it that same day. Both parties agree that April 21st was one day after the expiration of the applicable two-year statute of limitations.

The defendants filed separate motions for summary judgment, claiming that the plaintiff's proposed complaint was filed outside the statute of limitations imposed by the Medical Malpractice Act. The trial court agreed and granted summary judgment, finding that the date of filing was governed by Indiana Code section 34-18-7-3(b), a provision in the Indiana Medical Malpractice Act, rather than the Indiana Rules of Trial Procedure.[3] The Court of Appeals affirmed. Moryl v. Ransone, 987 N.E.2d 1159, 1164 (Ind. Ct. App. 2013), *reh'g denied*. The plaintiff sought rehearing and for the first time cited Indiana Code section 1-1-7-1 as support. The Court of Appeals denied rehearing without comment.

On transfer, the plaintiff again argues that the Court of Appeals' decision conflicts with Indiana Code section 1-1-7-1. We now grant transfer to review this previously undecided question of law.

---

[1] Ind. Code § 34-18 *et seq.* (2012).
[2] The plaintiff Bonnie Moryl alleges that her husband received negligent medical care from defendants La Porte Hospital, Dr. Ransone, and nurses Forney, Wakeman, and Prast.
[3] Because we decide this case on statutory grounds only, we do not address the applicability of the Indiana Rules of Trial Procedure and Rules of Appellate Procedure, nor foreclose their future application.

To support their summary judgment motions asserting the statute of limitations, the defendants argue that the plaintiff's medical malpractice action was belatedly commenced because it was sent by commercial courier rather than mailed by registered or certified mail. The plaintiff responds that whether so mailed or otherwise deposited with a commercial courier, the date of commencement of the action is the same: the date of such mailing or deposit. She thus contends that her sending the proposed complaint via FedEx was timely filed within the applicable two-year statute of limitations. *See* Ind. Code § 34-18-7-1(b) (2012).

In Indiana, a typical personal injury lawsuit begins by filing a complaint by one of six methods, including mailing by registered, certified, or express mail or deposit with any third-party commercial courier such as FedEx. *See* Trial Rule 5(F). Filing by registered or certified mail and by third-party commercial courier "shall be complete upon mailing or deposit." *Id.* For a personal injury lawsuit that alleges medical malpractice, however, the legislature requires a preliminary submission of the proposed complaint to the Indiana Department of Insurance. *See* Ind. Code § 34-18-7-3(b) (2012). The statutory provision for such submission specifies that filing is complete "when a copy of the proposed complaint is delivered or mailed by registered or certified mail." *Id.* But this statutory provision lacks an express provision for sending by third-party couriers. Whether this omission was intentional or inadvertent is unknown. A more recently amended statute, Indiana Code section 1-1-7-1, however, does address the use of a designated private delivery service, i.e. third-party commercial courier, when a statute or rule requires that notice or other matter be sent by registered or certified mail.[4] Ind. Code § 1-1-7-1 (2012).

The parties are in agreement as to the essential facts but dispute the proper application of these seeemingly conflicting statutory provisions and support their positions with established rules of statutory interpretation. The plaintiff contends that Indiana Code section 34-18-7-3(b) is ambiguous as to filing by commericial couriers and argues that Indiana Code section 1-1-7-1, as the more recent statute, should control. The defendant doctor, hospital, and nurses disagree, arguing that Indiana Code section 34-18-7-3(b) is not ambiguous and requires strict interpretation. But the defendants also urge this Court to follow the statutory construction rule that "the expres-

_____

[4] Before 2007, Indiana Code section 1-1-7-1 required mailing through the United States Postal Service only. In 2007, the General Assembly amended section 1-1-7-1 to extend compliance to mailing through certain private delivery services.

sion of one thing implies the exclusion of another." In other words, because Indiana Code section 34-18-7-3(b) expressly names registered and certified mail as the two types of mailings by which a proposed complaint will be considered filed upon mailing, it follows that all other methods of mailing—first class, third-party courier, or messenger—are considered filed upon receipt.

The defendants further contend that the plaintiff has waived her argument that Indiana Code section 34-18-7-3(b) controls because the plaintiff did not present this assertion until her petition for rehearing before the Court of Appeals. We disagree.

> The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal. Questions within the issues and before the trial court are before the appellate court, and new arguments and authorities may with strict propriety be brought forward.

Bielat v. Folta, 141 Ind. App. 452, 454, 229 N.E.2d 474, 475 (1967), *trans. denied*, *quoted in part by* Money Store Inv. Corp. v. Summers, 849 N.E.2d 544, 547 n.2 (Ind. 2006). "The crucial factor, however, in determining whether [the plaintiff] may interject what appears to be a new issue into the appeal is whether [the defendant] had unequivocal notice of the existence of the issue and, therefore, had an opportunity to defend against it." Hochstedler v. St. Joseph Cnty. Solid Waste Mgmt. Dist., 770 N.E.2d 910, 918 (Ind. Ct. App. 2002), *trans. denied*. In this case, the trial court characterized the issue as "whether Plaintiff's complaint was timely filed." Ransone v. Moryl, Cause No. 46D03-1009-CT-550 at 2 (Oct. 3, 2011). At that time, the plaintiff sought "to have the date of mailing become the filing date for the complaint, as would normally be allowed under the Indiana Trial Rules under TR 5(f)." *Id.* at 2–3. That the plaintiff now cites Indiana Code section 1-1-7-1 is also relevant to our determination whether the issue whether the plaintiff's complaint was timely filed. Additionally, the defendants had notice of its existence from the plaintiff's petitions for rehearing and transfer and twice responded with counterarguments. We decline to foreclose consideration of the plaintiff's assertion.

When construing statutes, our primary goal is to determine and give effect to the intent of the legislature. *See* Foremost Life Ins. Co. v. Dep't of Ins. 274 Ind. 181, 186, 409 N.E.2d 1092, 1095 (1980). When two statutes on the same subject must be construed together, a court should

4

attempt to give effect to both and *must* attempt to harmonize any inconsistencies or conflicts before applying any other rule of statutory construction. State v. Universal Outdoor, Inc., 880 N.E.2d 1188, 1191 (Ind. 2008); Bd. of Trs. of Ind. Pub. Emps. Ret. Fund v. Grannan, 578 N.E.2d 371, 375 (Ind. Ct. App. 1991), *trans. denied*. "[W]hile the latter of two repugnant statutes will control and operate to repeal the earlier to the extent of the repugnancy, such implied repeal should be recognized 'only when a later act is so repugnant to an earlier one as to render them irreconcilable, and a construction which will permit both laws to stand will be adopted if at all possible.'" Universal Outdoor, 880 N.E.2d at 1191 (quoting Grannan, 578 N.E.2d at 375); *see* Wright v. Gettinger, 428 N.E.2d 1212, 1219 (Ind. 1981). In the appellate review of summary judgment, "[q]uestions of statutory interpretation are questions of law, which are reviewed on a *de novo* basis by appellate courts." Klotz v. Hoyt, 900 N.E.2d 1, 5 (Ind. 2009).

Indiana Code section 1-1-7-1, which defines compliance with "[r]equirements that matters be sent by registered or certified mail," provides that:

> If a statute enacted by the general assembly or a rule . . . requires that notice or other matter be given or sent by registered mail or certified mail, a person may use: (1) any service of the United States Postal Service ["USPS"] *or any service of a designated private delivery service* (as defined by the United States Internal Revenue Service ["IRS"]) that: (A) tracks the delivery of mail; and (B) requires a signature upon delivery . . . .

Ind. Code § 1-1-7-1(a) (emphasis added). The defendants present two arguments for their contention that Indiana Code section 1-1-7-1 has a different subject than Indiana Code section 34-18-7-3(b). First, Indiana Code section 34-18-7-3(b) addresses how and when a proposed complaint may be *filed*, not how and when to provide *notice*. Second, Indiana Code section 34-18-7-3(b) does not *require* filing by registered or certified mail. We find, however, that Indiana Code section 1-1-7-1 clearly expresses its intent that *any* "designated private delivery service"—such as FedEx—that meets certain qualifications be equated with "registered or certified mail." This section expressly supersedes all code sections that require "notice *or other matter*" be sent by registered or certified mail. *Id.* (emphasis added). Further, to the extent Indiana Code section 34-18-7-3 considers the filing date to be the mailing date, it requires that such mailing be through registered or certified mail. Indiana Code section 1-1-7-1 and 34-18-7-3(b) intersect on the same subject. Harmonizing the uncertainties raised by the defendants, we hold that a proposed medical malpractice complaint is filed upon mailing with a designated private delivery

5

service—as well as the USPS—so long as it satisfies Indiana Code section 1-1-7-1.

The plaintiff timely filed her proposed complaint pursuant to Indiana Code sections 34-18-7-3 and 1-1-7-1. In their motions for summary judgment, the defendants designated the plaintiff's proposed complaint—file-stamped April 21, 2009—and autopsy information establishing her husband's death on April 20, 2007 to show that the plaintiff had not timely filed her proposed complaint. The plaintiff responded that she "timely filed a medical malpractice claim before the Indiana Department of Insurance by mailing via FedEx Priority Overnight Express Package Service and requested the package be signed for." Appellee Doctor's App'x at 24. In support, the plaintiff designated an affidavit of her attorney's paralegal stating that:

> [The paralegal] took the Plaintiff's Proposed Complaint to the FedEx Kinko's location . . . on April 19, 2009, and mailed it to the Indiana Department of Insurance overnight priority, next morning delivery, return receipt requested, for filing and file stamping on April 19, 2009, pursuant to the provisions of Indiana Trial Rule 5(F).

*Id.* at 29. To this affidavit, the plaintiff attached a letter from her attorney to the Commissioner of the Department dated April 18, 2009 and evidence of the FedEx transaction, namely a FedEx Kinko's receipt dated April 19, 2009, a printout of online proof-of-delivery details, and a FedEx US Airbill Sender's copy, displaying the same tracking number.[5] Upon this designated evidence, we find that there is no genuine issue of disputed fact that the plaintiff mailed her proposed com-

---

[5] On cross-appeal, the defendant hospital and nurses challenge the denial of their motion to strike the plaintiff's response to summary judgment and designated evidence. That issue was not addressed by the Court of Appeals, nor did the defendants raise this claim on transfer. But we address it because our grant of transfer gives this Court "jurisdiction over the appeal and all issues as if originally filed in the Supreme Court." Ind. Appellate Rule 58(A). The motion to strike raised three arguments to strike the plaintiff's designated evidence, which in turn would eliminate the basis for her response. First, the paralegal's statement that he mailed the proposed complaint "pursuant to the provisions of Indiana Trial Rule 5(F)" should be struck as a legal conclusion. Second, the exhibits attached to the plaintiff's affidavit were inadmissible hearsay, and the plaintiff had made no counterargument otherwise. Third, the exhibits were not authenticated. A trial court has broad discretion in ruling on a motion to strike, especially with regard to the admissibility of evidence. Kroger Co. v. Plonski, 930 N.E.2d 1, 5 (Ind. 2010). On summary judgment, a court considers the forms of admissible evidence properly designated under Trial Rule 56(C), including but not limited to affidavits. Trial Rule 56(E) gives additional guidance *for affidavits*. We decline to find the affidavit to constitute a legal conclusion but rather find it, considering the paralegal's statement, in its entirety, better construed as a personal account of actions taken in an effort to satisfy Trial Rule 5. Further, although the trial court might have struck the plaintiff's exhibits, it was within its discretion to find the exhibits admissible under the Indiana Rules of Evidence—for example—including but not limited to Rule 803(6) (the "Records of a Regularly Conducted Activity" exception) and Rule 902 ("Evidence that is Self-Authenticating"). We decline to find error in the consideration of the plaintiff's designated evidence for purposes of summary judgment.

plaint via FedEx Priority Overnight—a private delivery service designated by the IRS[6]—with tracking and signature required on delivery. We therefore conclude as a matter of law that that the plaintiff's proposed complaint is deemed filed, and her action commenced on April 19, 2009—within the applicable statute of limitations.

Our decision constitutes a refusal to elevate form over substance. "We are unwilling to fortify the armory of those who attack the law as famous for its ability to elevate form over substance." State ex rel. Attorney Gen. v. Lake Superior Court, 820 N.E.2d 1240, 1252 (Ind. 2005); *see* In re Estate of Robertson, 859 N.E.2d 772, 778–79 (Ind. Ct. App. 2007) (J. Robb, dissenting), *trans. not sought*. We see no substantive difference between a proposed medical malpractice complaint mailed via FedEx Priority Overnight, tracking and return receipt requested, and a proposed complaint mailed via USPS registered and certified mail. And neither does the Indiana General Assembly, as evident by their adoption of Indiana Code section 1-1-7-1.

## Conclusion

For these reasons, we conclude that the plaintiff's medical malpractice action was timely filed. We reverse the grant of the defendants' motions for summary judgment asserting the statute of limitations and remand for further proceedings consistent with this opinion. As to all other claims, we summarily affirm the Court of Appeals.

Rucker, David, Massa, Rush, JJ., concur.

---

[6] FedEx Priority Overnight has been a "designated private delivery service" for nearly two decades. *See* 26 U.S.C. § 7502(f) (2012); Treas. Reg. § 301.7502–1(c)(3) (2011), 2011-40 I.R.B. 470-73; Rev. Proc. 2009-35, 2009-35 I.R.B. 265; Notice 2004-83, 2004-2 C.B. 1030; Notice 97-26, 1997-1 C.B. 413.