# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kurt J. Kemp, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 23, 2018 <br><br> Court of Appeals Case No. <br> 90A05-1707-CR-1622 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton W. Kiracofe, Judge <br><br> Trial Court Cause No. <br> 90C01-1610-F5-43 |

**Crone, Judge.**

## Case Summary

[1] Kurt J. Kemp appeals the trial court's denial of his motion to withdraw his guilty plea, arguing that withdrawal of his guilty plea is necessary to avoid a manifest injustice. Because he did not present the issues that he raises on appeal to the trial court, we find them waived and therefore affirm.

## Facts and Procedural History

[2] In July through October 2016, Kemp posted seven different comments using the username Naughtyhusband2013 on the pornographic website cumonprintedpics.com. Appellant's Confidential App. Vol. 2 at 23-29, 79. He posted these comments on a specific thread titled "cuties to cum on[,]" which contained twenty-nine different photographs of children under the age of eighteen with exposed genitals or breasts. *Id*. at 30-58, 79.

[3] Between January 1, 2014, and July 30, 2016, without his wife's knowledge or consent, Kemp took five photographs of her with her buttocks or genital area exposed and posted these photographs on cumonprintedpics.com. *Id*. at 59-63, 83.

[4] In October 2016, the State charged Kemp with seven counts of level 5 felony child exploitation, twenty-nine counts of level 6 felony possession of child pornography, and five counts of level 6 felony voyeurism. *Id*. at 23-63. In February 2017, Kemp and the State entered into a plea agreement, in which Kemp agreed to plead guilty to all forty-one counts. The plea agreement provided that the sentences imposed on the child exploitation counts be

concurrent with each other, the sentences imposed on the possession of child pornography counts be concurrent with each other, and the sentences imposed on the voyeurism counts be concurrent to each other. The plea agreement left to the trial court's discretion the length of the sentences and whether the three groups of concurrent sentences would be consecutive to or concurrent with one another. *Id*. at 134-35.[1] The trial court held a guilty plea hearing, and Kemp pled guilty pursuant to the plea agreement. The trial court accepted Kemp's guilty plea and scheduled a sentencing hearing.

[5] In April 2017, Kemp sent a letter to the trial court asking to withdraw his guilty plea and fire his appointed counsel Jeremy Nix. Appellant's Confidential App. Vol. 3 at 54-58. In his letter, Kemp alleged that Nix misinformed him and pressured him to accept the plea agreement. Specifically, Kemp alleged that Nix told him that he had deposed Kemp's daughter and that her testimony would not support his defense when in fact Nix had not deposed her and she could provide an alibi as to some of the times the comments were allegedly posted to the website. *Id*. at 54-55. Kemp also alleged that Nix told him that Kemp's parents did not support him when in fact Kemp's mother did not believe that he had committed the crimes. *Id*. In addition, Kemp alleged that Nix never allowed him to see any discovery or evidence, and Nix pushed him to take the plea deal by telling him that he could face 120 years in prison if he went to trial and lost. *Id*. at 58.

---

[1] The State incorrectly states that the plea agreement specified that the concurrent sentences in each category would be consecutive to each other.

[6] Nix filed a motion to withdraw his appearance. Following a hearing, the trial court granted Nix's motion to withdraw. Before he withdrew, Nix filed a verified motion to withdraw guilty plea that incorporated Kemp's letter regarding the reasons for withdrawing his plea. The trial court appointed attorney Larry Mock to represent Kemp.

[7] In June 2017, the trial court held a hearing on Kemp's motion to withdraw his guilty plea. Kemp appeared in person and with attorney Mock. Kemp testified consistent with his earlier letter to the court that Nix had misinformed him and pressured him to plead guilty and that he would not have pled guilty if it were not for the way Nix had advised him. Tr. Vol. 2 at 46. Kemp testified that Nix told him that he had deposed Kemp's daughter and that her testimony would be harmful, but Nix had not deposed her and her testimony could have helped Kemp. *Id*. at 47-48. Kemp testified that Nix led him to believe that Nix had talked to Kemp's parents even though Nix had not. *Id*. at 49-50. Kemp also testified that Nix never gave him any discovery information. *Id*. at 50. Kemp admitted that Nix's advisement regarding the penalties he faced was true but that it was "very intimidating." *Id*. at 46-47.

[8] Nix also testified, and his testimony largely contradicted Kemp's. Nix testified that he did not tell Kemp that he deposed his daughter. *Id*. at 69. Nix testified that he spoke to Kemp's daughter on the telephone and concluded that her testimony would not help Kemp and that is what he explained to Kemp. *Id*. at 70. Nix also testified that Kemp did not give him authorization to talk to Kemp's parents and that he did not speak to Kemp's parents. *Id*. at 72-73. Nix

testified that he informed Kemp that the police reports contained information that his parents were concerned with his sexual proclivities. *Id*. Nix testified that he met with Kemp several times, had Kemp's discovery every time they met, and advised Kemp that it was available for viewing. *Id*. at 75. Nix testified that he had accurately advised Kemp of the potential penalties he faced if he opted to go to trial and was convicted of all charges. *Id*. at 74-75. The trial court found Nix's recollection of events credible, concluded that Kemp failed to carry his burden to establish fair and just reasons for withdrawal of his plea or that it was necessary to correct a manifest injustice, and denied Kemp's motion. *Id*. at 85-88.

[9] The trial court held a sentencing hearing and imposed concurrent sentences of six years for the child exploitation convictions, concurrent sentences of two and a half years for the possession of child pornography convictions, and concurrent sentences of two and a half years for the voyeurism convictions. The trial court ordered that the three groups of concurrent sentences be served consecutively, for an aggregate term of eleven years. This appeal ensued.

## Discussion and Decision

[10] Kemp appeals the denial of his motion to withdraw guilty plea. Motions for withdrawal of guilty plea are governed by Indiana Code Section 35-35-1-4(b), which provides,

> After entry of a plea of guilty … but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty … for any fair and just reason unless

the state has been substantially prejudiced by reliance upon the defendant's plea. …. The ruling of the court on the motion shall be reviewable for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of plea is necessary to correct a manifest injustice.

A manifest injustice for purposes of Section 35-35-1-4 occurs when

(1) the convicted person was denied the effective assistance of counsel;

(2) the plea was not entered or ratified by the convicted person;

(3) the plea was not knowingly and voluntarily made;

(4) the prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) the plea and judgment of conviction are void or voidable for any other reason.

Ind. Code § 35-35-1-4(c).

Here, Kemp argues that the withdrawal of his guilty plea is necessary because it would be manifestly unjust to allow his seven convictions of child exploitation to stand. Kemp was charged pursuant to Indiana Code Section 35-42-4-4(b)(2), which provides that a person who "knowingly or intentionally disseminates, exhibits to another person, offers to disseminate or exhibit to another person, or sends or brings into Indiana for dissemination or exhibition matter that depicts or describes sexual conduct by a child under eighteen (18) years of age"

commits child exploitation, a level 5 felony. Kemp asserts that his conduct in posting messages on a child pornography thread does not satisfy the statutory definition of child exploitation under Section 35-42-4-4(b)(2). Alternatively, he asserts that Section 35-42-4-4(b)(2) is constitutionally overbroad as applied to his conduct.

[13] Kemp did not present either of these arguments to the trial court, and therefore an adequate factual record has not been developed for us to engage in a thorough analysis of his arguments. We conclude that Kemp has waived appellate review of these issues. *See Johnson v. State*, 879 N.E.2d 649, 654 (Ind. Ct. App. 2008) ("Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so waives the issue on appeal."); *Craig v. State*, 883 N.E.2d 218, 220 (Ind. Ct. App. 2008) (concluding that State was precluded from challenging defendant's motion to withdraw plea on the basis that defendant failed to verify motion because State had not presented argument to trial court); *see also Griffin v. State*, 16 N.E.3d 997, 1006 (Ind. Ct. App. 2014) ("The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider.") (quoting *Showalter v. Town of Thorntown*, 902 N.E.2d 338, 342 (Ind. Ct. App. 2009), *trans. denied*)

(emphasis omitted).[2] Accordingly, we affirm the denial of Kemp's motion to withdraw guilty plea.

[14]     Affirmed.


Robb, J., and Bradford, J., concur.

---

[2] Although this Court has occasionally exercised its discretion to decide a constitutional claim raised for the first time on appeal, we decline to consider a claim that a criminal statute is unconstitutional as applied in the absence of an adversarial factfinding hearing. *See Layman v. State*, 42 N.E.3d 972, 976 (Ind. 2015) (recognizing that appellate court may exercise its discretion to review constitutional claim even though issue was waived but declining to consider constitutional claim because "the very breadth and scope of Appellants' claims demand[ed] further development on an evidence-based trial record.").