



FILED

Feb 17 2020, 11:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CC-531

## Collins Asset Group, LLC,
*Appellant (Plaintiff)*

—v—

## Alkhemer Alialy,
*Appellee (Defendant)*

Decided: February 17, 2020

Appeal from the Hamilton Superior Court, No. 29D01-1704-CC-3957
The Honorable Steven R. Nation, Judge
The Honorable Darren J. Murphy, Magistrate

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CC-1160

**Opinion by Chief Justice Rush**

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

As today's companion opinion, *Blair v. EMC Mortgage, LLC*, concludes, two statutes of limitations apply equally to a cause of action upon a promissory note. And because both statutes prevent a mortgage lender from waiting indefinitely to sue for a borrower's default, there is no need to impose an additional, judicially created time constraint.

Here, a lender asks us to apply both statutes and find that its action to recover the full amount owed upon an accelerated promissory note is not time-barred. We find that, under either statute of limitations, the lender can assert its claim. We thus reverse the trial court's order dismissing the lender's complaint and remand.

# Facts and Procedural History

Alkhemer Alialy executed a promissory note and mortgage to be paid in monthly installments over twenty-five years, beginning in September 2007. The note gave the holder the option to accelerate the debt after a default and require immediate payment of the full amount owed.

In July 2008, Alialy stopped making payments on the note. The note was transferred to Collins Asset Group, LLC (CAG); and, in October 2016, CAG accelerated the debt, demanding payment in full. When Alialy didn't pay, CAG sued to recover on the note in April 2017.

Alialy filed a motion to dismiss CAG's complaint under Trial Rule 12(B)(6), arguing that the claim was barred by the six-year statute of limitations—Indiana Code section 34-11-2-9—for a cause of action upon a promissory note. After a hearing, the trial court granted Alialy's motion.

The Court of Appeals affirmed, finding that CAG did not accelerate the debt within six years of Alialy's initial default and thus waited a per se unreasonable amount of time to invoke the optional acceleration clause. *Collins Asset Grp., LLC v. Alialy*, 115 N.E.3d 1275, 1279 (Ind. Ct. App. 2018). On rehearing, the panel clarified that CAG waived its argument that the relevant Uniform Commercial Code (UCC) statute of limitations—Indiana

Code section 26-1-3.1-118(a)—should also apply. *Collins Asset Grp., LLC v. Alialy*, 121 N.E.3d 579, 580 (Ind. Ct. App. 2019).

We granted transfer, vacating the Court of Appeals opinions. Ind. Appellate Rule 58(A).

# Standard of Review

We review "a 12(B)(6) dismissal de novo, giving no deference to the trial court's decision. In reviewing the complaint, we take the alleged facts to be true and consider the allegations in the light most favorable to the nonmoving party, drawing every reasonable inference in that party's favor." *Bellwether Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017) (cleaned up).

# Discussion and Decision

Promissory notes accompany a mortgage. These negotiable instruments call for payment in fixed installments over a period of time spanning from a note's execution until its maturity date. They may also contain a provision, known as an acceleration clause, that gives a lender the option to fast-forward to the note's maturity date and immediately demand payment in full if the borrower fails to pay one or more installments.

As explained today in *Blair v. EMC Mortgage, LLC*, No. 19S-MF-530, ___ N.E.3d ___, slip op. at 7 (Ind. Feb. 17, 2020), two statutes of limitations apply equally when a lender sues for payment upon a promissory note: Section 34-11-2-9 is the general statute of limitations for claims on promissory notes, and Section 26-1-3.1-118(a) is the relevant UCC statute of limitations. Ind. Code § 34-11-2-9 (2019); Ind. Code § 26-1-3.1-118(a) (2019). Under either statute, there are multiple accrual dates for causes of action. *Blair*, slip op. at 8–9.

Here, Alialy asserts that CAG waived its argument regarding Section 26-1-3.1-118(a) because CAG failed to reference that specific statute to the trial court and instead focused on the general statute. Alialy further

argues that it would be "blatantly unfair" to allow CAG to accelerate the note up to its maturity date.

We disagree. For reasons described below, CAG did not waive its argument under Indiana Code section 26-1-3.1-118(a). Moreover, this issue is of no consequence. CAG invoked Indiana Code section 34-11-2-9 in the trial court and could recover equally under either statute because it filed suit within six years of acceleration. And, as we explained in *Blair*, we will not impose an additional rule of reasonableness on a lender's ability to bring an action upon a closed installment contract. *Blair*, slip op. at 5–6.

## I.  CAG did not waive its argument under Indiana Code section 26-1-3.1-118(a).

Alialy claims that, because CAG did not cite to the UCC or reference Indiana Code section 26-1-3.1-118(a) to the trial court, CAG waived any argument on appeal that the statute applied.

This Court has addressed when a new argument may be raised on appeal:

> The rule that parties will be held to trial court theories by the appellate tribunal does not mean that no new position may be taken, or that new arguments may not be adduced; all that it means is that substantive questions independent in character and not within the issues or not presented to the trial court shall not be first made upon appeal. Questions within the issues and before the trial court are before the appellate court, and new arguments and authorities may with strict propriety be brought forward.

*Moryl v. Ransone*, 4 N.E.3d 1133, 1136 (Ind. 2014) (quoting *Bielat v. Folta*, 141 Ind. App. 452, 454, 229 N.E.2d 474, 475 (1967), *trans. denied*).

A "crucial factor" in determining whether a party may raise "what appears to be a new issue" on appeal is whether the other party "had unequivocal notice of the existence of the issue and, therefore, had an

opportunity to defend against it." *Id.* at 1136–37 (quoting *Hochstedler v. St. Joseph Cty. Solid Waste Mgmt. Dist.*, 770 N.E.2d 910, 918 (Ind. Ct. App. 2002), *trans. denied*).

In *Moryl*, the defendant argued that the plaintiff, who had cited one statute in the trial court, waived her claim under a different statute on appeal because she "did not present this assertion until her petition for rehearing." *Id.* at 1136. We disagreed, reasoning that the defendant had notice of the underlying issue below because both statutes "intersect[ed] on the same subject"—timeliness under a statute of limitations. *Id.* at 1137–38. We also observed that, on appeal, the defendant had notice of the new claim and an opportunity to defend against it. *Id.* at 1137. The same is true here.

In its response to Alialy's motion to dismiss, CAG argued that the timing of the statute of limitations enabled it to recover. Specifically, CAG asserted that the six-year statute of limitations did not begin to run until it exercised its optional acceleration clause in 2016; and thus, its complaint filed in 2017 fell "well within the applicable" time period. Though CAG cited only Section 34-11-2-9 below, the issue before the trial court was whether CAG's complaint was filed within the six-year limitations period. And, as we explained in *Blair*, that time period is identical under either statute. *Blair*, slip op. at 7–9. In other words, Alialy was on notice of the timing issue in the trial court and had notice and an opportunity to defend against both statutes on appeal. Accordingly, CAG's argument that its claim was also timely filed under the relevant UCC statute is not waived.

But this waiver issue ultimately does not affect CAG's ability to recover the amounts that it is owed.

## II. CAG can equally recover amounts owed under either statute of limitations.

For the reasons outlined in *Blair*, we find that—under either of Indiana's two applicable statutes of limitations—a cause of action for payment upon a promissory note with an optional acceleration clause can accrue on multiple dates. *Id.* One of those dates is when a lender exercises

its option to accelerate before a note matures. *Id.* at 8–9. And, as also explained in *Blair*, we find it unnecessary to impose a rule of reasonableness when a lender sues to enforce installment obligations on a closed installment contract, such as a promissory note. *Id.* at 5–6.

Here, the two statutes provide CAG identical paths to relief. *Cf. Moryl*, 4 N.E.3d at 1138 (noting that the plaintiff timely filed her complaint under either statute). CAG brought its claim against Alialy in 2017, well within six years of when it accelerated the debt in 2016. Thus, CAG's claim to recover the full amount owed on the note is not time-barred.

# Conclusion

We find that CAG did not waive its argument under Indiana Code section 26-1-3.1-118(a). But this issue is of no consequence, because under either applicable statute of limitations, CAG's claim is timely. We thus reverse the trial court's order dismissing CAG's complaint and remand.

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Brad A. Council
Slovin & Associates Co., LPA
Cincinnati, Ohio

Michael J. Feiwell
Bryan K. Redmond
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Christopher J. McElwee
Monday McElwee Albright
Indianapolis, Indiana