

FILED

Mar 22 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Brad A. Council
Slovin & Associates Co., LPA
Cincinnati, Ohio

Michael J. Feiwell
Bryan K. Redmond
Feiwell & Hannoy, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christopher J. McElwee
Monday McElwee Albright
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Collins Asset Group, LLC,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Alkhemer Alialy,<br>*Appellee-Defendant.* | March 22, 2019<br><br>Court of Appeals Case No.<br>18A-CC-1160<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Steven R. Nation,<br>Judge<br><br>The Honorable Darren J. Murphy,<br>Magistrate<br><br>Trial Court Cause No.<br>29D01-1704-CC-3957 |

**Riley, Judge.**

### OPINION ON REHEARING

[1]     Appellant-Plaintiff, Collins Asset Group, LLC (CAG), filed a petition for rehearing, requesting us to reconsider our memorandum decision issued on December 6, 2018.  In our decision, we affirmed the trial court's dismissal, finding that CAG's action was barred by the six-year statute of limitation pursuant to Ind. Code § 34-11-2-9.  We grant CAG's petition for the limited purpose of clarifying footnote 1 in our decision.

[2]     CAG requests this court to reconsider the part of its argument that we waived in footnote 1, in which we noted that:

> In an effort to circumvent the application of I.C. § 34-11-2-9, CAG asserts that I.C. § 26-1-3.1-118 governs the case at bar. However, as CAG failed to raise this issue before the trial court, it waived the argument for our review.  *See VanWinkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (Failure to raise an issue before the trial court will result in waiver of that issue).

In its petition for rehearing, CAG references case law noting that even though the argument was not brought before the trial court, "[t]he crucial factor . . . in determining whether [the plaintiff] may interject what appears to be a new issue into the appeal is whether [the defendant] had unequivocal notice of the existence of the issue and, therefore, had an opportunity to defend against it." *See* CAG Pet. Reh'g p. 8 (quoting *Mory v. Ransone*, 4 N.E.3d 1133, 1136 (Ind. 2014).

However, at the time we issued our opinion, a review of the record revealed that CAG's counsel had asserted in his memorandum in opposition to Alialy's motion to dismiss that "the statute of limitations to collect the entire debt does not begin to run immediately upon the debtor's default, but when the creditor exercises the optional acceleration clause." (Appellant's App. Vol. II, p. 21). CAG's counsel never specifically mentioned I.C. § 26-1-3.1-118, and only partially paraphrased it in his memorandum. He never raised the argument during the hearing.

These casual references to a partial argument without specific attribution to the statute cannot be considered sufficient notice of the issue such that it warranted this court's analysis.

Our opinion is hereby affirmed in all other respects.

Vaidik, C. J. and Kirsch, J. concur